STEPHEN T. GORDON et al., Appellants, *v.* LOUIS HARTMAN, Respondent.

The provision of the act of 1874, in reference to the Marine Court of the city of New York (§ 9, chap. 545, Laws of 1874), which requires that a notice of appeal, from an order of the General Term of said Marine Court to the Court of Common Pleas, reversing a judgment and granting a new trial, shall "contain an assent, on the part of the appellant, that if the order be affirmed, judgment absolute shall be entered against him," etc., was not repealed or abrogated by the provision of the act of 1875 (chap. 479, Laws of 1875), in reference to said Marine Court, which regulates appeals from the General Term thereof.

Where the Common Pleas affirms the order appealed from, and gives judgment absolute on the stipulation against the appellant, the judgment is final; and no appeal therefrom lies to this court.

(Argued December 2, 1879; decided December 9, 1879.)

APPEAL from judgment of the Marine Court, of the city of New York, in favor of defendant, entered upon a remittitur from the General Term of the Court of Common Pleas, in and for the city and county of New York, issued upon an affirmance by said court, of an order of the General Term of said Marine Court, which reversed a judgment in favor of plaintiff, entered upon a verdict.

The notice of appeal to the Court of Common Pleas contained an assent, that if the order appealed from was affirmed, judgment absolute should be rendered against the appellants.

*James Clark*, for appellants.

*Peter Cook*, for respondent. This court will enforce, and uphold the stipulation, given in this case. (*Townsend* v. *Masterson*, 15 N. Y., 587.) The order of the General Term of the Court of Common Pleas, giving plaintiffs leave to appeal, did not confer jurisdiction upon them. (*Bamberg* v. *Stern*, 76 N. Y., 555.)

EARL, J.   The Old. Code (§ 352) did not authorize an appeal from the General Term of the Marine Court to the Court of Common Pleas from an order reversing a judgment and granting a new trial.   An appeal from such an order was first authorized by the act chapter 545 of the Laws of 1874, section nine of which provides that the appeal may be taken, "provided the notice of appeal contain an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant, and on the determination of such appeal, effect shall be given by the appellate court to such stipulation, if necessary."   It is claimed that the requirement of this stipulation was abrogated by section 43 of chapter 479 of the Laws of 1875.   But I think it was not.   That section is as follows:   "The appeals authorized by law from the General Term of the said Marine Court shall hereafter be taken within twenty days after written notice of the judgment, and the notice of appeal and the undertaking to be given thereupon, shall be in the same form as upon an appeal from the Special to the General Term of the Court of Common Pleas," etc. ; and then it is provided in the same section that "when the appeal is taken from an order granting a new trial on a case or exceptions, if the appellate court determines that no error was committed in granting the new trial, it may render judgment absolute upon the right of the appellant ; and after the proceedings are remitted to the court from which the appeal was taken, an assessment of damages, or other proceedings to render the judgment effectual, may be then and there had in a case where such subsequent proceedings. are requisite."

It will be perceived that this section does not specify the cases in which the appeals may be taken.   It regulates. appeals then "authorized by law," and to learn what appeals. were then thus authorized, we must look at the act of 1874 ; and there we find that an appeal from an order granting a. new trial is authorized only provided the stipulation be given.   Section nine of that act is not expressly repealed

by the act of 1875, and I do not think that it was intended to be repealed, or that it was repealed by implication. Section 43 of the act of 1875 was enacted to regulate the practice upon the appeals specified and in the subsequent proceedings to give effect to the decisions upon such appeals. The general language used in reference to the form of the notice and of the undertaking is applicable to all appeals from the General Term of the Marine Court; and so far as it pertains to the notice of appeal, it must be held to apply only to what is strictly the notice of appeal, and not to the stipulation required to be inserted in the notice as a condition to the right of appeal.

Without writing more, after a careful consideration of the laws of 1874 and 1875, we are fully persuaded that there can be no appeal from an order of the Marine Court granting a new trial, without the stipulation.

The stipulation, in this case, was given, and the Court of Common Pleas affirmed the order and gave judgment absolute against the appellants upon the stipulation, and remitted the record to the Marine Court. That judgment was final and absolute, and no appeal to this court was authorized, as we have heretofore held.

The appeal must therefore be dismissed, with costs.

All concur.

Appeal dismissed.