JAMES WILMORE, Appellant, *v*. JAMES A. FLACK et al., as Executors, etc., Respondents.

An appeal to the General Term of the Court of Common Pleas, in and for the city and county of New York, from an order of the General Term of the Marine Court of that city, granting a new trial, is allowed only upon condition that the appellant consent to a final judgment against him if the order is affirmed (§ 9, chap. 545, Laws of 1874).   Without such a consent, therefore, there can be no appeal and no final judgment entered upon it.

Accordingly *held*, where a notice of appeal contained no such consent, that an order of the Common Pleas affirming an order of the Marine Court granting a new trial was without jurisdiction and void, as was also a judgment absolute entered in the latter court upon the remittitur ; such judgment being simply that of the appellate court (§ 43, chap. 479, Laws of 1875) ; that conceding where the consent had been omitted by mistake, and the appellant in fact consented, the notice might be amended by inserting the consent *nunc pro tunc,* this could not be done where the consent was intentionally omitted, has never been given, and has been persistently refused by the appellant ; that jurisdiction could not be acquired by an amendment which falsifies the facts, and the option given to the party could not be taken away under the guise of correcting a mistake or oversight ; also that the acquiscence of the appellant in the exer-

cise of jurisdiction by said appellate court without the consent did not give jurisdiction, and did not estop him from raising the question. Plaintiff's complaint alleged in substance that after a levy under an execution in his favor, by H., one of the marshals of the city of New York, C., then sheriff, took the property from the marshal, sold it, and converted the proceeds ; that plaintiff had given to H. a bond of indemnity, and was about to bring an action against him, but at his request permitted him to sue C. in the Marine Court for conversion, which action resulted in a judgment in favor of H., but upon appeal to the General Term this judgment was reversed, and a new trial ordered ; H. thereupon served notice of appeal to the General Term of the Common Pleas without giving a consent for judgment absolute; that the Common Pleas affirmed the order, and rendered judgment absolute, remitting the judgment to the Marine Court, where judgment absolute was entered in favor of C. against H., which judgment the Marine Court refused to vacate on motion, and the Common Pleas denied a motion for leave to appeal to the Court of Appeals ; that soon after the commencement of said action H. was appointed by C. deputy sheriff, and thereupon refused to further prosecute the action without further indemnity; this was given, notwithstanding which H. acted in complicity with C. during the progress of the litigation, and under an agreement that if C. succeeded no part of the judgment should be collected of him; that H. has been requested but refused to bring this action. The relief sought was that the judgment in the Marine Court, and the order of the Common Pleas, directing its entry be annulled and set aside. *Held*, that the complaint presented a proper case for equitable relief, and contained a good cause of action.

(Argued June 16, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 10, 1882, which affirmed a judgment in favor of defendants, entered upon an order overruling a demurrer to defendants' answer and dismissing the complaint.

The complaint herein alleged substantially the following facts :

Plaintiff, on February 3, 1875, recovered a judgment in the Marine Court of the city of New York against one Levy, and issued execution thereon against Levy's property to the defend-ant Hillier, then a marshal of the city of New York, who duly levied thereunder upon property of Levy sufficient to satisfy the same. William C. Conner, then sheriff of said county, of whose will the other defendants are executors, took

said property away from Hillier and converted it to his own use. Thereupon plaintiff, being about to sue Hillier for neglecting to satisfy his execution, and permitting Conner to take the property, was induced by Hillier (having previously given Hillier a bond of indemnity against the claims of Conner to the property) not to sue, but to permit Hillier to bring an action for plaintiff's benefit against Conner for the conversion. Such action was thereupon brought in the Marine Court, and judgment rendered therein in favor of Hillier against Conner, who appealed and procured a reversal thereof by the General Term of the Marine Court and an order granting a new trial. Hillier appealed from said order to the General Term of the Court of Common Pleas for the city and county of New York, but upon such appeal he neither filed nor gave any stipulation that judgment absolute might be rendered against him in the event of affirmance. Notwithstanding the absence of such stipulation, the Court of Common Pleas affirmed the order and rendered judgment absolute in favor of Conner, dismissing Hillier's action with costs, which judgment had been entered on a remittitur in the Marine Court, and such judgment is a bar to further proceedings in the action of *Hillier* v. *Conner* and renders nugatory the aforesaid order of the General Term of the Marine Court, directing a new trial of said action. Said Marine Court, in consequence of said judgment, refuses to proceed in said action ; and by the terms of the indemnity given by the plaintiff to Hillier as aforesaid, plaintiff is liable to pay the whole amount of said judgment, and Hillier is wholly insolvent and no longer a marshal of the city of New York. Soon after said action of *Hillier* v. *Conner* was commenced, Hillier became one of Conner's general deputies, and thereupon fraudulently conspired with Conner to defeat said action, and the rights and interests of the plaintiff therein, and gave testimony upon the trial thereof, against the rights and interests of this plaintiff, and against the truth, and interposed obstacles to the prosecution of the aforesaid appeal, and exacted a further bond of indemnity from the plaintiff before consenting thereto, and finally furnished Conner's attorneys a voluntary affidavit

to be used, and which was used by them in opposing the application made by Hillier's attorney who was conducting said litigation on behalf of said plaintiff, for leave to appeal to the Court of Appeals from the judgment aforesaid of the Court of Common Pleas, and which application was in consequence of such affidavit denied. Hillier has been requested to bring this action to set aside the aforesaid illegal judgment, so as to prosecute said action in the Marine Court for this plaintiff's benefit, but has refused to do so. The relief asked was that said judgment, and so much of the order of the Common Pleas as directs judgment absolute, be annulled and set aside. The answer set up various defenses, to one of which plaintiff demurred; upon the argument of the demurrer defendants claimed a right to attack the complaint, and that it did not set forth a cause of action. This claim was sustained by the court and the demurrer was thereupon overruled and complaint dismissed.

*Edward P. Wilder* for appellant. A demurrer will lie to a plea of the statute of limitations set up as a separate and distinct defense. (Code, § 413; *McKyring* v. *Bull*, 16 N. Y. 297; *Hubbell* v. *Fowler*, 1 Abb. [N. S.] 1; *Jarvis* v. *Pike*, 11 id. 398.) The short statute of limitations, enacted in section 385 of the Code, is no defense to this action, which is brought, not against a sheriff or coroner, but against executors as such; and is brought, not for liability incurred by doing an act in an official capacity, but merely to set aside a judgment as fraudulent and without jurisdiction. (*Bloomingdale* v. *Martin*, 13 Weekly Dig. 206.) The complaint is sufficient as invoking the equitable powers of this court to set aside the judgment of the Marine Court as void for want of jurisdiction. (*People* v. *Talcott*, 21 Hun, 593; Laws of 1874, chap. 545, § 9; *Gordon* v. *Hartman*, 79 N. Y 221, Story's Eq. Jur, §§ 885, 886, 887; *Metcalf* v. *Williams*, 14 Otto, 95, 96; *Starbuck* v. *Murray*, 5 Wend. 148; *Latham* v. *Edgerton*, 9 Cow. 227; *Mills* v *Martin*, 19 Johns. 33; *Bloom* v. *Burdick*, 1 Hill, 130; *Harrington* v *People*, 6 Barb. 607-610; *Hard* v. *Shipman*,

id. 621; *Chemung B'k* v. *Judson,* 8 N. Y. 254; *Pendleton* v. *Weeds,* 17 id. 75; *Porter* v. *Bronson,* 29 How. Pr. 292; *Bolton* v. *Jacks,* 6 Robt. 198; *Ferguson* v. *Crawford,* 70 N. Y. 266, 267; Willard's Eq. Jur. [Potter's ed.] 347.) The plaintiff is not estopped from invoking the equitable interference of this court, from the fact that his trustee, Hillier himself, took the appeal to the Common Pleas, which has resulted in the judgment complained of. (*People* v. *Dowling,* 84 N. Y. 483–4; *McEture* v. *Little,* 8 Daly, 167; *Lansing* v. *Russell,* 2 Comst. 563; *Tilley* v. *Phillips,* 1 id. 610; *Duane* v. *N. R. R. Co.,* 3 id. 545.) The plaintiff's conduct is not obnoxious to any of the ordinary rules of estoppel. (*Gordon* v. *Hartman,* 79 N. Y. 221; *Rust* v. *Hauselt,* 69 id. 485; 8 Abb. N. C. 150–151; *McMahon* v. *Rauhr,* 47 N. Y. 67, 72; *People* v. *Clerk, etc.,* 3 Abb. Pr. 309, 320; *Henry* v. *Cuyler,* 17 Johns. 469; *Campbell* v. *Stakes,* 2 Wend. 146; *Dudley* v. *Mayhew,* 3 N. Y. 9; *People* v. *Clerk, etc.,* 3 Abb. Pr. 309.) The omission of the " assent " required by the statute was not a mere irregularity, but was fatal to the jurisdiction of the Common Pleas. (Laws of 1874, chap. 545, § 9; Dwarris on Statutes, 119; *Rust* v. *Hauselt,* 8 Abb. N. C. 154–5; *Godfrey* v. *Moser,* 66 N. Y. 254; *People* v. *Tulcott,* 21 Hun, 593; *Townsend* v. *Masterson,* 15 N. Y. 589; *Godfrey* v. *Moser,* 66 id. 254; *Bamberg* v. *Stern,* 76 id. 556.) The complaint is sufficient in that it invokes equitable jurisdiction on the ground of fraud and collusion between Hillier and Conner. (*Howland* v. *Willets,* 9 N. Y. 171; *Ansonia Co.* v. *Pratt,* 10 Hun, 443; Story's Eq. Jur., §§ 1574, 1575; *State of Michigan* v. *Phœnix B'k,* 33 N. Y. 24, 28; *Dobson* v. *Pearce,* 12 id. 156; *State of Michigan* v. *Phœnix B'k,* 33 id. 23–25; *Kinnier* v. *Kinnier,* 45 id. 532–3.) It is no objection that plaintiff was not a party to the action of *Hillier* v. *Conner,* the judgment in which is sought to be set aside. (*Howland* v. *Willets,* 9 N. Y. 174; Code, § 3247; *Giles* v. *Hallert,* 12 N. Y. 32, *Bliss* v. *Otis,* 1 Denio, 656; Bigelow on Estoppel [2d ed.], 66–69; Freeman on Judgments, §§ 164, 173, 174, 179, 184; *Lovejoy* v. *Murray,* 3 Wall. 1; *Jackson* v. *Griswold,* 4 Hill, 522; *Fake* v. *Smith,*

2 Abb. Ct. App. 77; *Whitney* v. *Cooper*, 1 Hill, 629; *Colvard* v. *Oliver*, 7 Wend. 497.) This is not a case for equitable interposition. (*Ormsby* v. *Jaques*, 12 Hun, 443; *Dinsmore* v. *Nerisheimer*, 19 Weekly Dig. 45; *Claflin* v. *Hamlin*, 62 How. 284; *Erie R. Co.* v. *Ramsey*, 45 N. Y. 637; 35 Eng. L. & Eq. 27; 4 Allen, 545; 28 Vt. 470.) The defendants' contention that the plaintiff has no standing to interfere with the unlawful judgment, because he was not a party thereto, is wholly unsound. (*Stiffen* v. *Lockwood*, 17 Weekly Dig. 418.) Wilmore stands in this action as a *cestui que* trust, whose rights have been betrayed by Hillier, his trustee. (1 Daniel's Ch. Pr. 576; 1 Story's Eq. Jur. [9th ed.] 184; *Taylor* v. *Taylor*, 74 Me.   .)

*Robert S. Green* for respondents. The second defense runs to the whole alleged cause of action, and a demurrer to such second defense subjects the complaint to attack as not stating facts sufficient to constitute a cause of action. (*People* v. *Booth*, 32 N. Y. 398; *Stoddard* v. *Onondaga City*, 12 Barb. 573; *People* v. *Banker*, 8 How. 258.) The right to question the sufficiency of a complaint on this ground is not waived by answer. (Code of Civil Pro., § 499.) Plaintiff, not being a party to the suit of *Hillier* v. *Conner*, is not affected by the judgment or order which he seeks to vacate in the sense that he is in any way concluded by it. (*Stone* v. *Towne*, 91 U. S. 341; *Jordan* v. *Williams*, 3 Rand. [Va.] 501.) If the judgment and order sought to be set aside are void for want of jurisdiction, plaintiff cannot invoke equitable interference, as his remedy at law is complete. (*Latham* v. *Edgerton*, 9 Cow. 227; *Pendleton* v. *Weed*, 17 N. Y. 75; *Starbuck* v. *Murray*, 5 Ward. 148; *Mills* v. *Martin*, 19 Johns. 33; *Bloom* v. *Burdick*, 1 Hill, 130; *Chemung B'k* v. *Judson*, 8 N. Y. 254; *Ferguson* v. *Crawford*, 70 id. 266; *Metcalf* v. *Williams*, 104 U. S. 93.) Even if the Marine Court in entering its judgment, or the Court of Common Pleas in making its order, erred, no ground of equitable interference by the Supreme Court is furnished thereby. (*Vaughn*

*v. Stockton*, 1 Stockt. 173 ; *Simpson* v. *Hart*, 1 Johns. Ch. 95, 99 ; *Holmes* v. *Remsen*, 7 id. 286 ; *Star Ins. Co.* v. *Hodgson*, 7 Cranch, 336–7 ; *Yancey* v. *Downer*, 5 Littell, 8 ; 15 Am. Dec. 35 and note ; Story's Eq. Jur., § 897 ; *Metcalf* v. *Gilmore*, 29 A. L. J. 203.) A court of equity will not now relieve where the complaint is in the nature of a bill for a new trial in a court of law. (*Anderson* v. *Roberts*, 18 Johns. 533 ; *Powers* v. *Butler*, 3 Green's Ch. 465.) Especially where the party has lost his opportunity at law by his own negligence. (*Dodge* .v. *Strong*, 2 Johns. Ch. 230 ; *Smith* v. *Lowery*, id. 320 ; *Floyd* v. *Jaques*, 6 id. 479 ; Willard's Eq 358 ; *Glover* v. *Hedges*, Saxton, 113 ; *Fowler* v. *Roe*, 3 Stockt. 367.) Courts of equity do not now interfere with judgments of other courts where there has been negligence on the part of the party seeking relief, or because the other court erroneously decided the law. (*Smith* v. *Nelson*, 62 N. Y. 288 ; *Stillwell* v. *Carpenter*, 59 id. 423.) The notice of appeal was not a nullity but amendable *nunc pro tunc.* (*Hillier* v. *Conner*, 11 N. Y. Weekly Dig. 474 ; *Wood* v. *Kelly*, 2 Hill, 334 ; *Mott* v. *Lansing*, 5 Lans. 516 ; *Irwin* v. *Muir*, 13 How. Pr. 409.) The demurrer is not well taken. The second defense does not set up " new matter." (Code of Civil Pro., § 494 ; *Manning* v. *Winter*, 7 Hun, 482 ; *Stoddard* v. *Onondaga*, 12 Barb. 576 ; *Bellinger* v. *Craigue*, 31 id. 537–9.) Defendant must plead the statute or he waives it. (*Duzengremel* v. *Duzengremel*, 24 Hun, 457.) The order denying plaintiff's motion to re-settle the order overruling the demurrer was proper. This appeal does not bring up for consideration that order. (*Simpson* v. *Satterlee*, 64 N. Y. 657 ; Code of Civil Pro., § 497 ; *Hoffman* v. *Barry*, 2 Hun, 52 ; *Whitman* v. *Nicoll.* 16 Abb. [N. S.] 331 ; *Van Gelder* v. *Van Gelder*, 13 Hun, 120.)

FINCH, J. The General Term of the Common Pleas had no jurisdiction of the attempted appeal to that tribunal. Its appellate power was derived wholly from the statute, and had no existence outside of its permission. An appeal from an

order of the General Term of the Marine Court granting a new trial is allowed only upon condition that the appellant consents to a final judgment against him if the order is affirmed. (Laws of 1874, chap. 545, § 9 ; *Gordon* v. *Hartman*, 79 N. Y. 221.) Without that consent there can be no appeal, and much less a final judgment founded upon it, and impossible without it. The order and judgment of the Common Pleas was, therefore, without jurisdiction and void, and the judgment entered in the Marine Court founded upon that void mandate was itself equally so Nevertheless, both tribunals have held the contrary, and insisted against the motion of the plaintiff that their action was valid, and the final judgment rendered effectual. They have done so apparently upon the ground that the omission from the notice of appeal of the requisite consent was amendable, and that the appellant was estopped by his appearance in the appellate court and submission of the appeal to its jurisdiction. That a consent, intended to be given, but omitted from the notice of appeal by mistake, and when the appellant in fact consented, might be inserted *nunc pro tunc*, may be conceded for the purposes of the argument, but where there has been no mistake because no consent, and the latter was intentionally and consciously omitted, and has never been given, but steadily and persistently refused, we do not see how it is possible to acquire jurisdiction by an amendment which falsifies the facts and originates only in the arbitrary will of the court. The right to give or withhold the consent does not belong to the court but to the party : his free choice and option cannot be taken away under the guise of correcting a mistake or oversight.

Nor is the plaintiff estopped from raising the question of jurisdiction. His consent to its exercise could not confer it. (*McMahon* v. *Rauhr*, 47 N. Y. 67.) If it did or could it is still true that the appellant did not consent to the jurisdiction assumed. He misled nobody. All parties acted in good faith on the appeal, and under a common mistake of the law. The respondents and the court had no right to rely upon the appellant's interpretation of the act of 1875. Each was quite

as much bound to know and recognize the lack of jurisdiction
as the appellant himself. At the bottom of an estoppel lies
either a fraud or something which operates as such. Here
there was none, but simply an honest mistake for which each
party and the court were equally responsible.

The situation of the plaintiff appears to be one in which
there exists a definite right without adequate remedy unless a
court of equity can furnish it. The original action of Hillier
was wholly for the benefit of the plaintiff. He stood behind
it as the party interested and having indemnified the marshal
against its consequences. Hillier recovered a judgment. The
proceeds of it belonged and were payable to the plaintiff. But
an appeal was taken to the General Term of the Marine Court,
which reversed the judgment and ordered a new trial. All
that followed was a nullity, and yet out of that void action the
plaintiff finds himself barred of the new trial by a final judg-
ment against him, and exposed through his indemnity to
liability for a serious bill of costs. He at first pursues his
remedy at law. He asks the Marine Court and the Common
Pleas to set aside the judgment which they had no jurisdiction
to render. They refuse. Then he appeals to the power of a
court of equity, and is again defeated substantially upon the
ground that he has a perfect remedy at law, and that the final
judgment entered in the Marine Court was within its jurisdic-
tion, even though the judgment and remittitur of the Common
Pleas were absolutely void. The argument is that the final
judgment entered in the Marine Court was merely erroneous,
and equity will not set it aside for that reason. The ultimate
question, therefore, is whether such judgment was merely
erroneous and so good until reversed, or utterly void as entered
without lawful authority and jurisdiction. In the original
action the Marine Court had jurisdiction both of the subject-
matter and of the persons of the litigants, and so might have
rendered a final judgment, equivalent in its effect to that now
upon its records. But it did not do so. It made no such
determination of its own. On the contrary its determination
was an award of a new trial. The final judgment entered was

that of the Common Pleas, registered or docketed, so to speak, in the Marine Court, in obedience to a special statutory authority. The act of 1874, which authorized an appeal to the Common Pleas from an order granting a new trial, required as a condition the appellant's consent to final judgment, and directed that "effect shall be given by the appellate court to such stipulation, if necessary." (§ 9.) The act of 1875 more specifically provided that the appellate court "may render judgment absolute upon the right of the appellant." So that the final judgment here was that of the appellate court, and if absolutely void for want of jurisdiction, how could it become less defective because remitted to the Marine Court and entered on its records? Is its essential character changed by that process? If upon the judgment for costs thus entered in the Marine Court proceedings to collect were instituted and the judgment debtor resisted on the ground that the judgment was void, would it be a sufficient answer that the judgment was good until reversed?

Suppose that this court on a similar appeal should render a decision without a quorum, and send down its remittitur, and its judgment should be made by formal order the judgment of the Supreme Court, would the latter be merely erroneous and good until reversed, or absolutely void and a mere nullity? We think in such case the judgment entered on the remittitur gains no new validity beyond that which it had in the appellate court, but remains void if it was so in fact when remitted to be enforced. If a judgment should be rendered in justice's court which was absolutely void for want of jurisdiction, and thereafter, upon transcript filed, was entered in and became the judgment of the County Court, it would gain from the process no new validity. The judgment entered in the Marine Court was a step in an appellate proceeding and must be measured by the statutory requirements. It was not a judgment of the Marine Court itself, founded upon its original jurisdiction, but the culmination of an appeal dependent wholly for its validity upon the authority of the appellate court. The case, therefore, is not one, as the General Term

argue, in which a court of equity is called upon to review a mere error of law committed by another tribunal, but one in which a void judgment bars the rights of the plaintiff after his remedy at law has been exhausted.

The Special Term seem to have thought that the legal remedy was not exhausted, and argue that the judgment for costs has not yet put in peril the plaintiff's liability as the marshal's indemnitor, and if it should, he might defend on the ground of the invalidity of the judgment. If sued on his bond in the Marine Court the defense would only renew the question upon which that court and its appellate tribunal have already decided against him. But he has a further right, and that is to the new trial which the Marine Court awarded him and that he cannot have, unless equity can remove the obstruction of the final judgment against him.

The whole difficulty in the case originated in a mistake as to the jurisdiction of the Common Pleas over the appeal sought to be taken : a mistake in which both parties shared and which the court did not correct. That mistake resulted in a judgment of the Common Pleas, which was entirely void and did not become valid by being remitted to the Marine Court and made its judgment. In such a case we think equity may relieve, and that the plaintiff's complaint, therefore, contained a good cause of action.

The judgment of the General Term should be reversed and judgment rendered for the plaintiff on the demurrer, with costs.

All concur.

Judgment accordingly.