Daniels, J.
The plaintiff on the 26th day of August, 1876, entered into an agreement with the Atlantic and' Pacific railroad company, a railroad corporation formed under the laws of the United States, for the purchase of lands situated in Jasper and Newton counties of the state of Missouri. There were 8,552.69 acres of the land for which for the sum of $93,259.83 was agreed to be paid. The first installment of $9,325.98 was paid at or before the time of the execution of the agreement. The residue became payable on the 26th of August, 1877, and on the same day or each year thereafter until and including the year 1883. In case of the punctual payment of the purchase-money by the plaintiff, his heirs or assigns, the vender agreed to convey the lands subject to certain mineral rights in a portion of them, which it is not necessary to notice m the decision of the case. This conveyance, it was agreed, should be made to the plaintiff, his heirs or assigns, at the office of the company at St. Louis in the state of Missouri. . Before the purchase-price became due, it is alleged in the complaint and appears by the evidence, that the land was acquired' by the defendant in this action, a railway company incorporated under the laws of the state of Missouri. This title was obtained through a foreclosure of a mortgage upon the property at the time when the agreement was made, and as an incident of the acquisition of the title by the defendant, it acquired ■ the contract made between the plaintiff and the Atlantic and Pacific railroad company. It is further alleged in the complaint that the title secured by the defendant was subject to the equities of the plaintiff, to the property, under the contract with the Atlantic and Pacific railroad company, and that fact also appeared by the evidence upon the trial. The plaintiff then proceeded to state in the complaint that the defendant undertook in its purchase of the lands and premises, the terms and conditions of his contract with the Atlantic and Pacific railroad company, “as fully to all intents and purposes as the said Atlantic and Pacific railroad company had contracted and agreed to do, if the lands and premises in question had remained in said Atlantic and. Pacific railroad company, and had not been granted or conveyed to said defendant corporation.”
*393 It was further averred that while the agreement was in full force and effect, the president of the defendant, acting in its behalf, agreed that the defendant would fulfill the terms and conditions of the contract with the Atlantic and Pacific railroad company, and would approve of a sale of the premises by the plaintiff to other parties, who were at the time named, upon such sale being made ; that, relying upon this agreement, he proceeded, with such parties to inspect the lands; that they were satisfied with the same ana agreed to purchase them, and would have done so at a great profit to himself, if the defendant had observed and performed this agreement. But while the contract for the sale of the premises was in binding force and effect, and after the plaintiff had complied with the terms and conditions on his part to be complied with and performed, and before any installments became due upon the agreement with the Atlantic and Pacific railroad company, and after the persons referred to had agreed to purchase the land from the plaintiff at a price and upon terms satisfactory to him, and he had agreed to sell and convey to such persons •at a great profit to himself, the defendant, through its president, who then knew all the facts, wrongfully, without any just cause, wholly and absolutely refused to recognize the validity of the contract with the plaintiff, or the plaintiff’s right to the lands, and refused to sanction or approve any sale, grant, or conveyance thereof by him, or any right, title, or interest thereto on his part, and declared its purpose to be, to treat such contract with the preceding company as null and void; that, owing to this conduct, Ms sale of the premises was prevented and damages sustained "by himself in the sum of $200,000. ^
At the opening of the trial, the plaintiff offered to prove the facts of the case to be as they had been alleged in the complaint, but this was prevented by the proof and effect given to a judgment recovered in an action by the defendant against the plaintiff, which the court allowed first to be read in evidence. This judgment was recovered in the circuit court of Greene county, in the state of Missouri, in an action for the foreclosure of the plaintiff’s contract with the Atlantic and Pacific railroad company, and a sale of the property to satisfy the payment which had then become due, under the contract with the Atlantic and Pacific railroad company. The lands to be affected by the action were wholly situated in Newton county. The plaintiff, as defendant in that action, denied material allegations contained in the complaint of the plaintiff, and then alleged breaches of the agreement by the Atlantic and Pacific railroad and sustained by reason of such *394 breaches, for which a recovery was claimed by way of counter-claims. While the action was in this condition, a motion was made on behalf of the plaintiff in the action, to strike out the counter-claims contained in this answer. That motion was not then heard, and before it was heard, an order was made changing the place of trial to the circuit court of Greene county.' By the statute of the state of Missouri the action which was there pending relating, as it did, to, or affecting, the title to lands, was required to be prosecuted and tried in the county in which the lands were situated, unless a change of the place of trial should be directed, as that was permitted to be done by another section of the statute. This statute, so far as it is of any importance in this case, provided that “if at any time after the commencement of a suit the parties shall agree in writing, duly filed, upon any other county, or court, of competent jurisdiction, to which they desire the same to be removed, it shall, by order of the court, be removed accordingly to such county or court of competent jurisdiction.” The order by which the action was directed to be removed from Newton to Greene county, recited that the parties, by their respective attorneys and by their express agreement and consent, had agreed that the venue in the action might be awarded to the circuit court of Greene county, and it thereupon proceeded to order and adjudge that the venue in the action should be changed in that manner. The recital in the order failed to literally comply with the statute, in its omission to state that the agreement was “in writing, duly filed.”
After this order was entered and the place of trial was in form changed, the motion made to strike out the counterclaims was heard by the court, and so much of the defendant’s answer was stricken out, and a judgment or decree was recovered estabhshing the amount due upon the contract with the Atlantic and Pacific Railroad Company, and directing a sale of the lands described in it, to satisfy and pay the indebtedness. This order was made and the judgment or decree recovered on the default of the defendant in that action, who is the plaintiff in the present suit. He afterwards moved the court to set aside the judgment and order a new trial upon various grounds, one of which was that the court had no jurisdiction of the parties to the action, or of the cause of action, for the reason that the venue or place of trial in the action had never been legally removed to the circuit court in Greene county. The court set aside the judgment and ordered a new trial,'and the defendant in that action, without qualifying his appearance, thereupon moved to strike the case from the calendar, for the reason that the place of trial had never been legally *395 changed. The court, in its decision, overruled the objection and denied the motion, and two days afterwards again proceeded to hear and determine the case. This was done in the absence of the defendant in that action, who on the same day made a motion in arrest of judgment, which the court overruled. A bill of exceptions was then made, but no further action seems to have been taken in the suit by the defendant.
The motion to arrest the judgment was made upon the same ground as the motion to strike the case from the calendar, and upon which, in part, the application for a new trial was founded. And in overruling this and the preceding motion, the court must have concluded that the venue or place of trial in the action had been lawfully removed from Newton to Greene county; for without deciding that point against the defendant in that action, the court would have had no authority in his absence to hear the case and award the judgment or decree, which it did. It was not shown in support either of the motion to strike the case from the calendar, or of that made in arrest of judgment, that the agreement for the change of the place of trial was not made in writing and duly filed; and -the failure to prove that fact afforded the court some evidence for inferring or concluding that the agreement referred to in the order was in writing and had been duly filed. Such an agreement could well be made by the parties through their respective attorneys, and as the law required it before an order could be made changing the place of trial in the action, it is to be presumed that the court acted upon nothing less than that in directing or permitting the order to be made. The law also presumes in favor of the regularity of legal proceedings when they may be brought collaterally in question in another action, and it does not require that strictness of formality, or of evidence, to sustain them as is necessary to defeat or answer a direct proceeding for their' review. As the- motions were presented to strike the case from the calendar, and for a new trial, after the decree was recovered, the court decided in their disposition that the venue or place of trial in the action had been legally changed to Greene county, and as it had some evidence certainly tending to support that view of the proceeding, it had jurisdiction to make this decision, and having made it adversely to the present plaintiff, it became conclusive as to him as long as it has not been set aside, vacated or reversed.
The decision resulted from two distinct hearings of the parties and of all that could be urged and said in support of the position that the venue, or place of trial, had not been lawfully changed. And after those hearings it was evidently concluded by the court that the court in Newton *396 county did have before it such an agreement as was provided for by the statute before it ordered the change in the place of trial. And that, as already intimated, it could do, from the recital in the order that it was made upon the express agreement and consent of the parties by their attorneys, although the order did not proceed further to state that the agreement was “in writing, duly filed.” For the court could infer from the fact that such an express agreement had been made and the action taken upon it, that it was in writing and duly filed, before the court of Newton county proceeded to act as did upon it. The decisions of the court of Greene county proceeded, therefore, upon evidence tending to support its conclusion, and after a full hearing of the defendant in that action. And while it might for defective evidence have been reversed upon a review by way of an appeal, or writ of error, this decision cannot be disregarded, or held to be void, in another action in which the right to make it and its effect has been assailed. This point was considered under somewhat similar circumstances in Jones v. Jones, (36 Hun, 414), where this conclusion was supported by the court. And it is in no respect in conflict with anything that was held in Willmore v. Flack (96 N. Y., 512), where the notice of appeal failed to contain the consent which by law was required to render it effectual as an appeal from the order. There it was necessary by the express language of the statute that the consent itself should be incorporated in the notice as a part of it. That was not done, and the objection was taken in the proceeding itself, that the notice as it was served did not legally create an appeal from the order. That case is clearly distinguishable from the present case by the circumstance that the consent was a necessary part of the paper upon which the decision of the court proceeded, while here it was not required to form a part of the order, but to precede the making and entry of such order. The case of Flanders v. Tweed (9 Wall., 425), was also a direct proceeding to review the action of the court before which the trial took place. And inasmuch as no stipulation appeared waiving the right to a trial by a jury, a trial by the court was considered to have been without authority. Neither of these cases, nor any other that has been cited, sustain the right or obligation of the court now to disregard, this judgment because of the recital in the order for the change of the place of trial, failing to state that the agreement was in writing and had been duly filed. Upon that subject the plaintiff in this action, who was defendant in the suit in the state of Missouri, had his day in court and was fully heard, and the court decided against him, holding under the order that it had jurisdiction over *397 the subject of the action as well as of the parties. And as that decision proceeded upon evidence, even though it may have been slight, it is obligatory upon and conclusive against the defendant as long as it remains unreversed, vacated or set aside.
But the judgment recovered against the present plaintiff in that action did not proceed upon the issuable facts alleged in his complaint as the foundation of' this action, but upon the legal ground that an installment of principal and interest had become due upon the contract with the Atlantic and Pacific Railroad Company, which this defendant had acquired, and for which it claimed a judgment for its recovery and the sale of the present plaintiff’s interest in the property. And in directing and making the judgment or decree which was entered, the right to it proceeded upon the truth of these allegations of the default of the vendee under his agreement. That the present defendant had before any such default was made entered into another agreement with the plaintiff of the nature of that alleged in his complaint in this action, was in no manner made an element of the suit in the state of Missouri. It was neither alleged in the answer in support of either of the counter-claims, nor was it pertinent for that purpose. This agreement was entirely separate and distinct from all that was alleged or set forth, or in any way included in the action in the state of Missouri, presenting as it did an independent cause of action in favor of the plaintiff against the defendant in this suit. That, according to the allegations of the complaint, which the plaintiff offered to substantiate by proof as the legal foundation of tins suit, was an agreement by the St. Louis and San Francisco Railway Company, before the installment had become due, upon which the action in the state of Missouri proceeded, providing for the sale of the plaintiff’s interest under his contract and the approval and acceptance of that sale by the defendant. And the right of the plaintiff to maintain an action for the failure of the defendant to perform that agreement, as it was in no sense either directly or indirectly included in the action in the state of Missouri, was not controlled or affected by the judgment recovered in that suit. To sustain that proposition a reference to the authorities so elaborately cited and referred to, will not become necessary. ■ The cases of Palmer v. Hussey (87 N. Y., 303) and Barry v. Brune (8 Hun, 395) will be sufficient, for they not only indicate, but sustain the rule to be that to render a judgment recovered in one action conclusive or controlling in another, it must appear to have included or passed upon the right of the party upon which the second action is legally dependent. That was not this case.
*398 The judgment was no bar to the right of the plaintiff to maintain this suit, and the judgment in it should be reversed and a new trial ordered, with costs to abide the event.
Brady, J., concurs._