CHRISTOPHER SCHWINGER, Respondent, v. ALONZO B. RAYMOND, Appellant.

*Court of Appeals, April* 19, 1887.

Affirming same case, 35 Hun, 666, Mem.

1. *Appeal. Order denying new trial.*—The general terms has the power to set a side a verdict as contrary to the evidence without any exception, but the court of appeals can consider no objection which is not based upon some exception taken at the trial. An appeal to the latter court from an order denying a motion for a new trial brings up only questions of law based upon exceptions taken in the trial court

2. *Evidence. Expert.*—Whether barrels upon the deck of a canal boat were properly covered by the captain so as to protect them from rain, is not properly a subject of expert evidence. From the facts proved, the jury can determine whether the covering was sufficient.

3. *Charge. Exception.*—The reply of the court to a request to charge, "it is unnecessary, I think, as my charge covers it," is a clear intimation to the jury that the request is proper; and, in case the charge does substantially cover it, an exception to such response of the court will not lie.

Appeal from a judgment of the general term of the supreme court.

*D. C. Hyde*, for appellant.

*Geo. M. Osgoodby*, for respondent.

EARL, J.—This action was brought by the plaintiff to recover his freight for transportation of 200 barrels of beans on a canal-boat from Albion and Brockport to New York city. The defendants allege, by way of counterclaim, that the beans were transported in such a careless and negligent manner that they became wet, and in consequence there-

of sprouted, and were greatly damaged. Upon the trial the plaintiff gave evidence tending to show that the contract was to carry the beans on the deck of his boat, and that he was not to be responsible for any damage to them from moisture, but that he was to furnish lumber sufficient to cover them, and that the defendants were to cover them with the lumber thus furnished. The plaintiff claimed, and gave some evidence tending to show, that he furnished the lumber in pursuance of this agreement. On the part of the defendants, they gave evidence tending to show that there was no agreement that the plaintiff should be exempt from any responsibility as carrier ; that he was to furnish lumber to cover the beans ; and that they were to give directions to the caption of the boat as to covering them with the lumber ; that the plaintiff failed to furnish lumber for that purpose ; and that the boat entered upon its voyage without any covering upon the beans, and that in conse- quence thereof they became wet, and were greatly dam- aged. As to what the contract really was between the parties there was a fair conflict in the evidence, but there was a great preponderance of evidence that the plaintiff did not furnish lumber to cover the beans, and that he failed in that respect to keep his contract. There was no motion, however, to nonsuit the plaintiff at the trial, or for the direction of a verdict, and no exception which brings to us the question whether there was sufficient evidence to sus- tain the verdict of the jury. The court below had the power to set aside the verdict as contrary to the evidence without any exception, but in this court we can consider no objec- tion which is not based upon some exception taken at the trial; and the appeal to this court from the order denying defendants' motion for a new trial brings here only ques- tions of law based upon exceptions taken at the trial. Therefore, however unjust this verdict may be upon the facts appearing in the case, we are powerless, on that account, to give the defendants any relief.

The record contains but one exception taken by the defendant during the progress of the trial before the submission of the case to the jury. While one of the defendants was testifying as a witness, he stated that he had heard the testimony of the captain of the boat as to the manner in which he covered the beans; that he was acquainted with the manner of covering deck-loads, and had been for fifteen or twenty years; that he had been a shipper on the canal for sixteen or eighteen years; and that the defendants' warehouse was on the canal. He was then asked this question: "What is a proper and proof way of covering deck-loads?" To this there was objection on the part of the plaintiff, and then this question was asked: "I will ask if loose boards or barrels tiered in the manner mentioned by the witness Jacobs, loosely lapping one on the other in that way, lengthwise with the boat, if that will protect deck freight from rain?" To this plaintiff's counsel objected, and the objection was sustained, and defendants' counsel excepted. We think the question was properly excluded. Whether the barrels were properly covered by the captain so as to protect them from rain was not properly a subject of expert evidence. The facts were proved, and from them the jury were to determine whether the covering was sufficient. It was not difficult to place all the facts before the jury, and from them they must be supposed to have had sufficient skill and knowledge, dealing with elements with which all men are adequately informed, to determine whether the barrels were properly covered for protection against rain.

The only other exception which requires any notice whatever, is that taken to the refusal of the judge to charge as requested by the defendants, as follows: "If they find from the evidence that it was a part of the contract of affreightment that defendants should perform or help perfrom the labor of covering the goods with lumber to be furnished by the plaintiff, and that he would not be responsible for the manner in which such labor would be done, nor

for protection of the goods by such cover from the elements, and did furish the lumber, yet that the defendants were entitled to a reasonable opportunity for performance after the production of the lumber, and the proper arrangement of the goods on the deck to receive the cover, and if the captain departed with the goods from Albion or Brockport without a proper cover, or the defendants consent that they might go uncovered, and without giving the defendants such opportunity, the plaintiff waived performance by defendents in that respect, and was bound to care for the goods as though no special contract had been made." In reply to this request the court said : "It is unnecessary, I think as my charge covers it." This was a clear intimation to the jury that the request was proper, and we think the charge did substantially cover it. The court had charged the jury as follows : " If you find that the property should be carried upon the deck, and further, the agreement was that the plaintiff should furnish the lumber, and the defendants should themselves place the lumber on the beans, and cover them, then, if the captain furnished the lumber, and they omitted to use it, and cover the beans, when they had an opportunity, then they cannot recover ; and that involves the proposition that the captain did furnish lumber either at Albion or Brockport, for it was not contemplated that the defendants should at any other place adjust the lumber. If you find it was the agreement that the plaintiff was to furnish, and that the defendants were to advise the captain how to use it, and cover and protect the property, and the lumber was furnished, and they gave instructions to the captain, then they did all their duty, and the plaintiff was liable to them for the damages which might have occurred, the plaintiff himself assuming the risk that he would protect and preserve the property ; and, if he didn't furnish the lumber at all, then they were under no obligation to adjust it."

It may, however, be said that there was really no con-

troversy at the trial that the defendants had opportunity to cover the beans, provided the lumber was furnished by the plaintiff. The contention of the plaintiff was that he furnished the lumber ; and that of the defendants was that no lumber was furnished, although they repeatedly requested that it should be. And therefore they are not in a position to contend that they had no opportunity to use the lumber.

The principles controlling this case were in the main settled when it was here before (83 N. Y. 192), and nothing further needs to be written now.

The judgment should be affirmed with costs.

All concur.