PHARO et al. v. BEADLESTON et al.

(Common Pleas of New York City and County, General Term.  February 6, 1893.)

1. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.
   On appeal from the general term of the city court of New York, affirming a judgment entered on the verdict of a jury in plaintiff's favor, the general term of the court of common pleas is not permitted to search the evidence for its sufficiency to support the verdict, in the absence of a proper exception founded on the motion for dismissal of the complaint, or the direction of a verdict for defendants.

2. RECEPTION OF EVIDENCE—HARMLESS ERROR.
   An objection to the admission of evidence is not available where the witness has previously testified to the same matter without objection.

3. SAME—SUBSEQUENT TESTIMONY.
   An error in the exclusion of evidence is cured where the witness is subsequently permitted to testify to the facts previously excluded.

4. WITNESS—IMPEACHMENT.
   In an action for the contract price of thermometers manufactured by plaintiffs, at defendants' instance, for use as an advertising medium in defendants' brewing business, evidence that for a long time before the contract was entered into thermometers had been in general and notorious use as a medium of advertisement is admissible to impeach one of defendants' witnesses, who testified that he was induced to make the contract on the faith of plaintiffs' false representation that thermometers were a novel and original medium of advertising in the brewing business, and that plaintiffs had not theretofore supplied any brewers with them.

Appeal from city court, general term.

Action by Allen R. Pharo and others against Beadleston & Woerz for defendants' breach of contract to accept and pay for a quantity of thermometers manufactured by plaintiffs, at defendants' instance, for use as an advertising medium in the latter's brewing business.  Defendants claimed, by way of defense, that they were induced to make the contract by alleged material misrepresentations of plaintiffs' agent.  From a judgment of the general term of the city court (19 N. Y. Supp. 816) which affirmed a judgment entered on a verdict in plaintiffs' favor, and which also affirmed an order denying defendants' motion for a new trial on the minutes, defendants appeal.  Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Samuel Untermyer and Moses Weinman, for appellants.
Edward S. Clinch, for respondents.

BISCHOFF, J.  No appeal lies to this court from an order of the city court of New York, which refuses a new trial.  Code Civil Proc. § 3191; Wilmore v. Flack, 96 N. Y. 512; Smith v. Pryor, (Com. Pl. N. Y.) 9 N. Y. Supp. 636.  And without proper exception, founded upon a motion for dismissal of the complaint, or that a verdict be directed for defendants, we are not permitted to search the evidence for its sufficiency in support of the verdict.  Barrett v. Railroad Co., 45 N. Y. 628; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. Rep. 952.

On plaintiff's direct examination he was asked: "For what purpose did you call upon defendants after they had refused the thermometers?" This question was allowed, against objection by defendants' counsel,

but, in view of the fact that the witness had theretofore testified to the purport of his visit without objection, the answer was mere reiteration. No ground of defendants' objection was given, and so the exception is ineffectual. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. Rep. 457.

Alfred M. Beadleston, a witness for defendants, was asked on his direct examination: "Did he [meaning plaintiffs' agent] say anything as to whether any other brewer had such thermometers?" This was clearly leading, and so properly excluded. but, assuming the exclusion of the question to have been error, it was waived, and the exception thereto rendered ineffectual, by the witness testifying, without objection, to the next two following questions of defendant's counsel: "Go on and state anything else he said;" and "was anything said as to other breweries having these thermometers; and, if so, what?" Neil v. Thorn, 88 N. Y. 270, 277; Crosby v. Day, 81 N. Y. 242.

The remaining exceptions present but one question, and may therefore be considered collectively. The defense was that, at the time of entering into the contract for supply of the thermometers, Beadleston, representing the defendant corporation, stated to Bonnell, plaintiffs' agent, that defendants desired an advertising medium for the brewing business, of novel and original design in that line of business; that Bonnell represented that plaintiffs had not theretofore supplied any brewer with the thermometers; that, relying upon the truth of this representation, he (Beadleston) was induced to make the contract on defendant's behalf; and that it subsequently transpired that the representation was false and untrue. Beadleston's testimony tended to establish this defense, and to disprove it plaintiffs were permitted to introduce evidence from which it appeared that thermometers had for a considerable time before the making of the contract been extensively and notoriously used, in the city of New York and elsewhere, as an advertising medium in a variety of businesses other than that of a brewer. To the introduction of this evidence, defendants objected on the ground that the fact in issue was whether or not thermometers had been previously used as an advertising medium in the brewing business, not whether or not they had theretofore been used for such purpose in any business. The objection was overruled, and due exception taken. We are of the opinion that the evidence was properly admitted. The credibility of a witness is always in issue, and evidence of any fact which tends to impeach it, or to demonstrate the improbability of the truth of his assertions, is relevant to the issue, and admissible. Beadleston, having concluded the contract for defendants, was chargeable with its improvidence, and directly interested in its avoidance. His credibility was for that reason a main element for the consideration of the jury in reaching a conclusion concerning his alleged motive in making the contract, and his communication of that motive to plaintiffs' agent. Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. Rep. 402. Evidence tending to show that thermometers had for a long time before the contract with defendants been in general use as a medium of advertisement unquestionably affected the probability of the truth of Beadleston's assertion that he was

induced to make the contract because he wanted a medium "of novel and original design" in the brewing business, and the jury were at liberty to infer therefrom that the claimed importance of the exclusion of thermometers, as a means of advertising, from other breweries, was a mere subterfuge resorted to by defendants to rid themselves of a contract improvidently made by their agent. The judgment appealed from should be affirmed, with costs. All concur.