(4 Misc. Rep. 183.)
### PAIGE v. CHEDSEY et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

**1. TRIAL—TAKING PAPERS TO JURY ROOM.**
    The jury, on retiring, may take with them documents which are in evidence.

**2. SUFFICIENCY OF EVIDENCE—REVIEW.**
    In the absence of an exception to the refusal to direct a verdict the sufficiency of the evidence cannot be reviewed.

Appeal from city court, general term.
Action by David S. Paige against Nathan A. Chedsey and Francis B. Chedsey for money had and received. Defendants set up a counterclaim for services as attorneys. From a judgment of the general term of the city court (20 N. Y. Supp. 898) affirming a judgment for defendants entered on a verdict, plaintiff appeals. Affirmed.
Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

James M. Smith and Louis J. Grant, for appellant.
Henry W. Norton, (Charles Strauss, of counsel,) for respondents.

BISCHOFF, J. Not one of the numerous exceptions taken on the trial presents error. Some were taken to rulings which were wholly discretionary, while others are valueless, because the ground of the objection was not stated. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. Rep. 457. Nor was it error to allow the jury, on retiring, to take with them documents which were in evidence. Howland v. Willetts, 9 N. Y. 170. Plaintiff sued to recover $475, a balance alleged to be due him for moneys received by defendants to his use. Defendants denied the indebtedness, and asserted a counterclaim for services rendered as attorneys and counsellors at law at plaintiff's instance and request. The value of those services was conceded for the purposes of the trial to be the amount claimed. None but issues of fact were involved in the trial. The judgment of affirmance of the general term of the court below is conclusive upon us as to the weight of the evidence. Rowe v. Comley, 11 Daly, 318; Smith v. Pryor, (Com. Pl. N. Y.) 9 N. Y. Supp. 636; Arnstein v. Haulenbeek, (Com. Pl. N. Y.) 11 N. Y. Supp. 701. The submission of the evidence to the jury without objection conceded its sufficiency for that purpose, (Barrett v. Railroad Co., 45 N. Y. 628,) and, in the absence of an exception to the denial of a motion that a verdict be directed for plaintiff on the cause of action alleged in the complaint or the counterclaim interposed by answer, or that the counterclaim be dismissed for failure of proof, we are precluded from all inquiry whether there was any evidence to support defendants' recovery, (Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. Rep. 952.) Judgment of the general term of the court below affirmed, with costs. All concur.