(9 Misc. Rep. 146.)

### BROOKER et al. v. FILKINS.

(Common Pleas of New York City and County, General Term.    June 4, 1894.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    Where no motion was made on the trial of an action in the city court of New York for the direction of a verdict, a judgment of affirmance by the general term of the city court is conclusive on the court of common pleas as to the weight of evidence, and as to whether there was any evidence to support the verdict.

2. SAME—OBJECTIONS NOT RAISED BELOW.
    Objections to the remarks of counsel in arguing the case before the jury cannot be raised for the first time on appeal.    25 N. Y. Supp. 514, affirmed.

3. WITNESS—LEADING QUESTIONS—DISCRETION OF TRIAL COURT.
    It is in the discretion of the trial court to allow leading questions.

Appeal from city court, general term.

Action by Smith A. Brooker and another against John Filkins. From a judgment of the city court (25 N. Y. Supp. 514) affirming a judgment in favor of defendant, plaintiffs appeal.    Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edward Hassett, for appellants.

Abner C. Thomas, for respondent.

BOOKSTAVER, J.    The complaint alleged that between April 1, 1889, and December 16, 1889, the defendant, as agent for the plaintiffs, collected of different parties in the city of New York certain sums, aggregating $206.20, and converted the same to his own use.    The answer of the defendant denied this allegation, and set up a counterclaim for services rendered.    No certificate is contained in the case to the effect that all of the evidence given upon the trial is included therein, and the record shows upon its face that documentary evidence, apparently of importance, has been omitted.    No motion was made for the direction of a verdict by

the plaintiffs at any time during the progress of the action; therefore, the judgment of affirmance of the general term of the city court is conclusive upon us both as to the weight of evidence, the submission of the evidence to the jury, and also as to whether or not there was any evidence to support defendant's recovery.     Page v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Rowe v. Comley, 11 Daly, 318; Smith v. Pryor (Com. Pl. N. Y.) 9 N. Y. Supp. 636; Arnstein v. Haulenbeek (Com. Pl. N. Y.) 11 N. Y. Supp. 701; Barrett v. Railroad Co., 45 N. Y. 628; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952.     The order of the general term of the city court denying plaintiffs' motion for a new trial is not reviewable here. Nor is any other matter which rested in the discretion of the court of original jurisdiction.     Section 3191, Code Civ. Proc.; Pharo v. Beadleston, 2 Misc. Rep. 424, 21 N. Y. Supp. 989; Smith v. Pryor, supra; Wilmore v. Flack, 96 N. Y. 512; Schwinger v. Raymond, supra.     We can therefore only review questions of law appearing upon the record, and the only ones presented to us upon the argument of this appeal or by appellant's brief are the exceptions, first, to the admission of a paper concerning which Lahey, one of the plaintiffs, testified that "this first page of this document records the amount of wages earned, and the sums of money paid to Mr. Filkins.     This memorandum was made by me from the book."     Its introduction was objected to unless the other side of the paper was offered; but the witness, on being questioned as to the writing on the other side, stated, "I can't say it is Mr. Brooker's memorandum," and the court very properly directed only that part which had been identified as correct to be received in evidence.     The second exception was to a question as leading; but this was a matter in the discretion of the court below, and will not be reviewed by us.

An exception was taken to a portion of the charge made in response to a request of defendant's counsel.     This request must be taken in connection with what followed, and altogether amounts to this: "An admission of the defendant that he had collected money is sufficient to prove that fact; but if you believe the defendant, that he admitted that he received the moneys, but at the same time declared that he had paid them over to the plaintiffs, this is not evidence of a conversion,"—and was obviously correct, for it is not claimed that there was any evidence of the conversion, outside of the defendant's own alleged admissions.

The counsel for appellants claimed that the court erred in that part of its charge to the jury which is as follows:

"So that the question in the case is one of credibility,—whether you will believe the plaintiffs, Mr. Brooker and Mr. Lahey, and their employe, Mr. Nilon, or whether you will believe the defendant.     So far as the parties are concerned, you have a right to believe or disbelieve them.     So far as witnesses, other than parties, are concerned, you have no right to disbel'eve them if corroborated.     Mr. Brooker and Mr. Lahey are parties, and Mr. Filkins is a party, and you have a right to disbelieve them if you see fit; but you have no right to disbelieve Mr. Nilon if you find that he has been corroborated."

In the first place, no exception was taken to this portion of the charge upon the trial, and, even if there had been, it was at

least as favorable to the appellants as they could have asked. If any one had a right to complain of it, it was the respondent, for it is not strictly accurate to say that the jury must believe a witness who is corroborated; and, in telling the jury that they have "no right to disbelieve Mr. Nilon if you find that he has been corroborated," the court laid down a rule to which the respondent might properly have objected, but not the appellants, since Nilon was their witness.

Appellants' counsel has prepared and presented to us, on this appeal, an elaborate brief, claiming that defendant's counsel committed error in summing up to the jury; but he did not, at the trial, call the court's attention to it nor take any exception to the summing up, nor did he make a motion for a new trial upon that ground, nor does the language of the counsel anywhere appear in the record. The only reference to the impropriety of the remarks is in the charge of the trial judge in relation thereto, to the effect that "it is true, as counsel has stated, although it should not have been mentioned to the jury, that the effect of your verdict may be to consign this defendant to jail, this being an action sounding in tort, but that is something with which you have nothing to do. You have nothing to do with sympathy. You are not responsible for the effect of your verdict. Your duty is to decide the case fairly between the plaintiffs and the defendant,"—which instruction was doubtless followed by the jury, for, on rendering their verdict, the foreman, in answer to the following by the court, "I instructed you gentlemen, that, unless you believed the testimony of the plaintiffs' witnesses that the defendant admitted taking the money, there was no proof to sustain the plaintiffs' case, and in that case the defendant was entitled to recover his counterclaim," said: "We discussed that question, and came to the conclusion that they should have had something to show that the money had been received, and, as there was nothing but the testimony we had, and that was the only thing to guide us, we weighed the matter thoroughly, and concluded that the defendant was not guilty of taking the money." We quite agree with appellants' counsel in the gross impropriety of alluding to matter outside of the record in summing up to the jury, or in improperly attempting to influence their verdict by dwelling upon the legal consequences of it, or in any other way attempting improperly to influence them, and, when a proper case is presented to us upon that question, will have no hesitation in reversing a judgment on any of these grounds; but such a case is not presented by the record before us. The judgment must therefore be affirmed, with costs. All concur.