(13 Misc. Rep. 167.)

## SOULE v. VEYRAC.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

    Where no motion was made on a trial in the New York City court for the direction of a verdict, a judgment of affirmance by the general term of the city court is conclusive on the court of common pleas as to the weight of evidence, and as to whether there was any evidence to support the verdict.

Appeal from city court, general term.

Action by Luman A. Soule against Victor L. Veyrac. From a judgment of the city court (31 N. Y. Supp. 1133) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles E. Le Barbier, for appellant.

William T. Mathies, for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $450, claimed by respondent to be owing him under an alleged contract as altered and changed by consent of the parties thereto. Although there is a statement in the case, there is no certificate to the effect that all of the evidence given upon the trial is included in the case. No motion was made for the dismissal of the complaint or the direction of a verdict by the defendant at any time during the progress of the trial. Therefore, the judgment of affirmance by the general term of the city court is conclusive upon us, both as to the weight of evidence and propriety of its submission to the jury, and also as to whether or not there was any evidence to support the recovery. Brooker v. Filkins, 9 Misc. Rep. 146, 29 N. Y. Supp. 68; Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Rowe v. Comley, 11 Daly, 318; Smith v. Pryor (Com. Pl. N. Y.) 9 N. Y. Supp. 636; Arnstein v. Haulenbeek (Com. Pl. N. Y.) 11 N. Y. Supp. 701; Barrett v. Railroad Co., 45 N. Y. 628; Van Doren v. Jelliffe (Com. Pl. N. Y.) 20 N. Y. Supp. 636; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952.

The order of the general term of the city court denying plaintiff's motion for a new trial is not reviewable by us, nor is any other matter which rested in the discretion of the court of original jurisdiction. Code Civ. Proc. § 3191; Pharo v. Beadleston, 2 Misc. Rep. 424, 21 N. Y. Supp. 989; Smith v. Pryor, supra; Wilmore v. Flack, 96 N. Y. 512; Schwinger v. Raymond, supra. We can, therefore, only review questions of law appearing upon the record, and the only one argued by appellant's counsel, either upon his brief or orally, was as to the admission in evidence of the alleged substitute contract for the alleged original contract; but to the admission of this paper in evidence no exception was taken upon the trial. None of the exceptions to the admission or exclusion of evidence were argued by appellant's counsel, from which it may be inferred that he placed no reliance upon them; and an examination of these ex-

ceptions shows that he was entirely justified in not arguing them, for all of them were general in their character, and stated no ground on which objections were based. Railroad Co. v. Holland (Ill. Sup.) 13 N. E. 146; Atkins v. Elwell, 45 N. Y. 753; People v. Beach, 87 N. Y. 512; Holmes v. Moffat, 9 N. Y. St. Rep. 411.

No reviewable error appearing upon the record, the judgment should be affirmed, with costs. All concur.