(14 Misc. Rep. 286.)

### HENRY HESS & CO. v. BAAR et al.

(Common Pleas of New York City and County, General Term.  November 4, 1895.)

1. PRINCIPAL AND AGENT—RATIFICATION.

Where an agent, without authority, purchases goods in the name of his principal, a subsequent statement by the principal, with knowledge of all the facts, to the seller, in regard to the sale, that it was "all right," and a direction to his clerk to pay the seller the purchase price, is a ratification of the purchase.  32 N. Y. Supp. 918, affirmed.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.

Where a motion to dismiss the complaint, made when plaintiff rested, was not renewed, and defendant did not ask for the direction of a verdict, when both sides had rested, the sufficiency of the evidence to support a verdict for plaintiff will not be considered on appeal.

Appeal from city court, general term.

Action by Henry Hess & Co., a corporation, against Frederick Baar and another to recover the agreed purchase price of merchandise. From a judgment of the general term of the city court (32 N. Y. Supp. 918) affirming a judgment for plaintiff rendered at trial term on a verdict, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Rabe & Keller, for appellants.
Louis W. Stotesbury, for respondent.

BISCHOFF, J. The record discloses that the merchandise, consisting of cigars, for the recovery of the price of which this action was brought, was purchased by one Nugent, who, in that regard, represented himself to the plaintiff to be, and assumed to act as, the agent of the defendants, but who, in fact, had no such authority. A ratification by the defendants of Nugent's act, however, appeared from the testimony of one Deutsch, the plaintiff's agent, such testimony being to the effect that, subsequent to the sale and the delivery of the merchandise to Nugent, one of the defendants, —Wehnke,—with knowledge of all the circumstances, told Deutsch, with reference to the merchandise, that it was "all right," and in his presence instructed one Fansten, the defendants' representative, to pay the plaintiff the amount of its demand. The motion for dismissal of the complaint, made when the plaintiff rested its case, was, therefore, properly denied. The motion for dismissal of the complaint was not renewed, nor was the direction of a verdict for the defendants asked for, when both sides had concluded their introduction of evidence, and the cause was about to be submitted to the jury. Hence we are precluded from all inquiry as to whether at that stage of the action there was sufficient evidence to support a verdict for the plaintiff. Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952; Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. In his charge to the jury the trial justice, commenting upon the defendant Wehnke's promise to pay the plaintiff's demand, said: "If you believe this testimony, such a promise would be sufficient consideration for the payment of this bill, and would make the defendants liable as original debtors"; to which the defendants' counsel excepted as follows: "I except to the proposition that, if this promise was made, it made the defendants the original debtors." It is beyond all controversy that the ratification by the alleged principal of a contract made by another, who assumed in that regard to act as the former's agent, is an adoption of the contract by such alleged principal, and subjects him to liability thereunder, the same as if the contract was sanctioned by him at its inception. 1 Am. & Eng. Enc. Law, tit. "Agency," subtit. "Ratification," p. 429, etc., and cases collated in note 2. One error appears in the charge, but, as the attention of the trial justice was not called thereto by an exception sufficiently explicit, in which event it might have been obviated, such error does not now afford ground for reversal. Baylies, Trial Prac. 239, and cases there collated.

Judgment affirmed, with costs. All concur.