By the Court. Oakley, Ch. J.
On the case being moved for argument, the plaintiffs produced, and proposed to read, an exemplification in due form, of their act of incorporation by the legislature of the State of South Carolina; and the first question is as to the admission of this document.
We think they have a right to produce it at the argument. It ought, no doubt, to have been proved at the trial, and the omission to require it on the part of the judge, was erroneous ; but it is a well settled and useful practice, in respect of documents which speak for themselves, and on which no questions can arise except such as are apparent on their face, to permit them to be produced on the argument, when they have been inadvertently or unadvisedly omitted at the trial. As for example, the record of a judgment, when the execution only was produced at the trial. If it be apparent that there is any surprise upon the adverse party, or that there was or is any point in his case which is prejudiced, or has been weakened by the omission of the evidence at the proper time, it will not be received at the argument. But it is surely not worth while to send this cause back for another trial, merely to have this document, bn which no question arises, given in evidence. *
2. As to the competency of Davenne. The plaintiff by the code, was entitled to examine him as a witness against his co-defendant. (Section 390, 397.) Neither is he a person for whose *720 immediate benefit the suit was prosecuted, within the meaning of section 399 of the code, if he had not been a party to the suit. That section applies only to a person into whose hands the money collected in the suit will necessarily go when it is received, or who might take it from the sheriff or the attorney as his own. It does not apply where the money cannot immediately, though it may ultimately go into his hands, as in the case of a stockholder in a suit brought by a corporation.
New trial denied.