By the Court,
Moncrief, J.
The papers sought to be introduced and considered as a part of the case argued upon this appeal were in existence and known to be so by the learned counsel making this application, at the time of the trial before the referee, and in the exercise of his discretion he refused to produce them, and upon the argument insisted that their production was unnecessary. This might suffice to deny the motion. But again, if these papers were now permitted to he read as a part of the case, evidence will appear in it not considered by the court (referee) below, upon or relating to which there are no findings of fact or of law, against the introduction of which an opportunity is not given to the appellants to make objections and have'the benefit of exceptions to rulings against them, and no leave given to him to controvert; in fine a case radically differing from the action as tried, and from the judgment on which this appeal is taken. Again ; the papers offered are not a record importing an indisputable fact; the matters stated in them might be shown to be false or inaccurate. That “Records * * shall be evidence of the facts therein contained ” &c. is provided by statute, (1 R. S. 378, § 159,) while “ copies of all papers duly filed * * shall be evidence ” * (only,) (Id. 377, § 65.)
In Bank of Charleston v. Emeric & Davenne, (2 Sandf. 718,) is an illustration of the former character, of evidence being admitted to be read upon the argument. The plaintiffs, suing as a corporation, neglected to prove its existence under the act passed in the state of South Carolina, A properly exemplified copy of the act of incorporation was produced ; the fact then was incontrovertible, and the court held that the case should *625 not be sent for a new trial for the sole purpose of the evidence which must be conceded -as a fact and “ upon which no question could arise.” The other case, (Fry v. Bennett, 2 Duer, 651,) is a direct authority of the latter class of evidence, and is decisive against the application ; which must be'denied with seven dollars to the appellants.