CHARLES ROCKWELL, as Receiver of JAMES E. FARREL, Respondent, *v.* JOHN G. MERWIN, Appellant.

Where, in an action brought in the New York Superior Court by the plaintiff, as receiver, the complaint merely alleged that he was, by an order of one of the justices of the Supreme Court, "duly" appointed receiver upon the application of a judgment creditor of B., without pleading any judgment or proceeding upon which such appointment was or could be made, — *Held*, that the insertion of the word "duly" authorized proof on the trial of all the facts conferring jurisdiction; and, further, that, upon his appointment as receiver, he had general authority to commence actions, and, having such general power, he could select his tribunal, and was not confined to the court in which he was appointed.

(Argued February 22; decided March 21, 1871.)

APPEAL from a judgment of the General Term of the New York Superior Court, affirming the judgment for the plaintiff entered upon the report of a referee.

This action was brought by the plaintiff as receiver of the property of James E. Farrel, to recover for services performed by said Farrel as superintendent of the Milford hotel.

The complaint, among other things, alleged that, "on the 24th day of April, 1868, at the city of New York, upon an application made by (A, B and C), judgment creditors of James C. Farrel, and by an order then made by Hon. ALBERT CARDOZO, one of the justices of the Supreme Court, the plaintiff was appointed receiver of the property of said James E. Farrel." This was the only allegation in the complaint going to show any appointment of the plaintiff as receiver, or his right to the claim in suit.

On the trial, after a motion to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, had been denied, an application was made to amend the complaint by inserting the word " duly " between the words " was " and " appointed." The motion was granted, and the complaint amended accordingly. Afterward, a judgment against Farrel in the Supreme Court, an execution thereon, and an order of Judge CARDOZO, appointing Charles Rockwell receiver, were admitted in evidence, against the objection of the plaintiff.

*Samuel Hand*, for the appellant, insisted that motion to dismiss the complaint should have been granted, because the complaint did not show plaintiff's right to bring action (*Campbell* v. *Foster*, 16 How., 275 ; *Cooper* v. *Bowles*, 42 Barb., 88 ; *Gillett, Rec.*, v. *Fairchild*, 4 Denio, 80 ; Code, § 161 ; *Hunt* v. *Dutcher*, 13 How. Pr., 538 ; *Smith* v. *Johnson*, 7 How., 39 ; Code, § 298 ; *Ball* v. *Goodenough*, N. Y. Times, August 5, 1870) ; that it should be brought in the court by which he was appointed. (Code, § 298 ; *Merritt* v. *Merritt*, 16 Wend., 405 ; aff'g *S. C.*, 5 Paige, 525.)

*Abner C. Thomas*, for the respondent, insisted that the complaint was sufficient. (*Stewart* v. *Beebe*, 28 Barb., 34 ; *Bangs* v. *McIntosh*, 23 id., 591 ; *Dayton* v. *Connah*, 18 How., 326 ; Code, § 161). That complaint might have been amended on trial, so as to allege all the facts proved. (*Coleman* v. *Playstead*, 36 Barb., 27 ; *Lounsbury* v. *Purdy*, 18 N. Y., 515 ; *Pratt* v. *Hudson River R. R. Co.*, 21 id., 305 ; Code, §§ 173, 176).

PER CURIAM. The amendment of the complaint cured any defect in it. And the insertion of the word " duly," in the allegation that the plaintiff was appointed receiver, gave him the right to show on the trial all the facts conferring jurisdiction. (Code, § 161.) On the trial he did show facts sufficient to establish that he was regularly, and in due form of law, appointed the receiver of Farrel.

It was necessary that the order appointing him should be filed and recorded in the office of the clerk of the city and county of New York. It was shown on the argument at General Term, that this had been done before the commencement of this action. And this cured the defect in the proof before the referee. (*Bank of Charleston* v. *Emeric*, 2 Sandf., 718.)

The point made by the appellant, that the plaintiff did not show that the judge who made the order for the appointment of the plaintiff as receiver was the same officer before whom the supplementary proceedings were initiated, was not taken before the referee. Nor does it appear, inasmuch as there is no copy given in the case of the records given in evidence, that the objection, if taken, had any foundation.

After his appointment as receiver, the plaintiff had general authority, by virtue of the then ninety-second rule of the Supreme Court, by a judge of which he was appointed, to commence a suit. Having general power to sue, he could select his tribunal.

The motion to dismiss the complaint, made at the close of the plaintiff's case, was properly denied. There had been positive and uncontradicted proof of the agreement between Farrel and the defendant, and of the balance due Farrel thereon. And although the account of Farrel's services, etc., was from a partial ledger, it had been submitted to the defendant, and was not objected to by him. It is to be inferred easily from the testimony that all the other books of the hotel were in his control, and subject to his inspection at the time when the account was submitted to him.

The other points made by the appellant are upon questions of fact determined by the referee, and are not reviewable here.

The judgment appealed from should be affirmed, with costs to the respondent.

All the judges concurring,

Judgment affirmed.