GUSTAVUS A. SCROGGS, receiver, &c., *vs.* ELISHA W.
PALMER.

In an action brought by the plaintiff as receiver appointed in proceedings sup-
plementary to execution to recover a debt due to the judgment debtor, the
complaint stated, in detail, the facts showing jurisdiction in the county judge
to make the order of appointment, and averred the approval and filing of a
bond by the plaintiff as receiver. *Held*, on demurrer, that the complaint
was not defective for want of an averment that the order of appointment
was filed and recorded under § 298 of the Code.

APPEAL from an order of the Special Term of Erie
county, overruling a demurrer to the complaint.

*G. W. Cothran*, for the appellant.

*G. A. Scroggs*, respondent, in *pro per*.

*By the Court*, TALCOTT, J.   This action is brought by
the plaintiff as receiver of the property of Cynthia M.
Morse, under supplementary proceedings, to recover a
debt alleged to be due from the defendant to the judg-
ment debtor.   In his complaint the plaintiff states the
facts in detail, showing jurisdiction in the county judge
to make the order of appointment, and avers the ap-
proval and filing of his bond, as receiver.   The defen-
dant demurs to the complaint, and for cause of demurrer
alleges that the plaintiff has not legal capacity to sue;
that the judgment debtor ought to be a party, and that
the complaint does not state facts sufficient to constitute
a cause of action.   The last cause of demurrer is the
only one insisted upon, on the appeal, and it is claimed
that the complaint is defective because it does not aver
that the order appointing the plaintiff receiver was filed
and recorded under § 298 of the Code.   Whatever we
might think of the question thus presented, if it were a
new question, we understand it to have been in sub-
stance decided by the Court of Appeals in *Rockwell* v.
*Merwin*, (45 *N. Y.* 166.)   In that case the plaintiff sued
as receiver, and stated nothing, in his complaint, only

that he had been appointed receiver of the property of
the judgment debtor, by one of the justices of the Su-
preme Court, on the application of the judgment cred-
itors, wholly failing to show any facts which brought
the case within the jurisdiction of the said justice.

In that case an objection was taken on the trial that
the complaint did not state facts sufficient to constitute
a cause of action.   As we understand the case, there
was no allegation in the complaint that the order ap-
pointing the plaintiff had ever been filed or recorded in
the proper office.   After the objection had been made,
the complaint was amended, on the trial, by the inser-
tion of the word "duly" between "was" and "ap-
pointed," so that the complaint would read that the
plaintiff was duly appointed receiver.   This, the Court
of Appeals held, cured all the defects of the complaint,
under § 161 of the Code.   That section only makes the
word duly a substitute for the detailed allegations,
showing jurisdiction in the court or officer.   The atten-
tion of the court was called to the question of the filing
of the order and recording the same, as it appears the
plaintiff had omitted to prove these facts on the trial;
and in regard to that the court says : "It was necessary
that the order appointing him should be filed in the
office of the clerk of the city and county of New York.
It was shown on the argument at the General Term that
this had been done before the commencement of the
suit, and this cured the defect in the proof before the
referee."   The decision therefore must be understood as
holding that an averment of the filing and recording of
the order is not necessary, in pleading, provided juris-
diction to make the order is averred ; on the ground,
probably, that the due filing and entry of the order by
the officers of the court is to be presumed from the
averment that it was made by the judge having juris-
diction.

The order must be affirmed, with leave to the defendant to answer in twenty days, on payment of costs.

Order affirmed.(*a*)

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.] ·

(*a*) An appeal from the above decision was dismissed by the Court of Appeals. See 55 *N. Y.* 643.