MARY ADAMS, Executrix, Respondent, *v.* THE GREENWICH INSURANCE COMPANY, Appellant.

Upon trial of an action upon a policy of fire insurance brought by the personal representative of an assignee to whom the policy was assigned after loss, defendant moved for a nonsuit, on the ground that there was no proof of plaintiff's right or title to recover the amount of the loss. *Held,* that the ground stated did not cover a defect in the title of the insured, or any breach of a condition of the policy by reason of such defect, if any existed; and that as such an objection, if it had been taken, might have been obviated, it was not available here.

Where, in an action upon a policy of fire insurance, the secretary of the insurer is called as a witness to contradict evidence on the part of plaintiff of a waiver by said officer, of a condition in the policy, and where he is not impeached, it is not competent, for the purpose of corroboration, to prove by him his general course of dealing, and the extent and limit of his powers, as that he had never waived any such condition and had no authority so to do.

Where a witness, called to sustain the character of an impeached witness, testifies that he does not know the general character of said witness for truth and veracity, but gives evidence importing an acquaintance with his associates and a knowledge of his character, and testifies that he has heard his character questioned. it is competent for him to testify that he would believe the witness under oath.

(Argued June 1, 1877; decided June 12, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 9 Hun, 45.)

This action was brought upon a policy of fire insurance issued by defendant to Emily Adams and by her assigned to plaintiff's testator, after loss, and service of notice and proof thereof.

The policy contained a clause providing that, if the premises insured should become vacant or unoccupied and so remain for more than thirty days without notice to and consent of the company in writing, the policy should be void. The complaint alleged the ownership of the property by the insured. This was put in issue by the answer, which also alleged that the premises became and remained vacant for more than thirty days without notice or written consent, and thereby the policy became void.

Upon the trial no evidence was given as to the title to the property; the assignment of the policy was proved. At the close of plaintiff's evidence defendant's counsel moved for a nonsuit, on the ground that there was no proof of plaintiff's right or title to recover for the loss or damage. The motion was denied and said counsel excepted. Plaintiff gave evidence to the effect that the condition in the policy above stated was waived by defendant's secretary. The secretary was called as a witness by defendant, and denied the alleged waiver. He was then asked whether he had at any time waived any such condition, and whether he had any authority to waive such condition. These questions were objected to, excluded, and defendant's counsel duly excepted. No attempt had been made by plaintiff to impeach the witness. One Adams was called as a witness for plaintiff. Defendant gave evidence attacking his character for truth and veracity. One Chapman was called by plaintiff as a sustaining witness. He testified that he did not know "from the speech of people" what Adams' character for truth and veracity was, but had his own knowledge in regard to it; that he had been acquainted with him ten years, was well

acquainted in the neighborhood, and had heard his character questioned. He was then asked, "From the speech of people as to his character, would you believe him under oath?" This was objected to; objection overruled and exception taken. The witness answered that he would.

*William Allen Butler,* for the appellant. Plaintiff was bound to prove her title to the insured property by competent evidence in order to recover. (2 Phil. on Ins., 623–624; *Gilbert* v. *N. Am. F. Ins. Co.,* 23 Wend., 43; *Columbian Ins. C.* v. *Lawrence,* 2 Pet., 25; *Ill. Mer. F. Ins. Co.* v. *Mar. Mfg. Co.,* 6 Ill., 236; *Rohrback* v. *Ger. Ins. Co.,* 62 N. Y., 47; *Fowler* v. *N. Y. Indem. Ins. Co.,* 26 id., 422.) The alleged waiver of the secretary could only be held to bind defendant by way of estoppel. (*Underwood* v. *F. J. S. Ins. Co.,* 57 N. Y., 500. 506; *Ripley* v. *Etna Ins. Co.,* 30 id., 136.) The secretary was not a general agent, and could only bind defendant within the limits prescribed by its charter and by-laws. (*Adriance* v. *Roome,* 52 Barb., 399; *Dabney* v. *Stevens,* 2 Swe., 415; 46 N. Y., 681; *Kolger* v. *Guardn. L. Ins. Co.,* 58 Barb., 185.) The court erred in permitting plaintiff's witness, Chapman, to answer the questions as to character and reputation of Lewis B. Adams for truth and veracity. (*People* v. *Davis,* 21 Wend., 309; *Curtis* v. *Fay,* 37 Barb., 64.) Plaintiff was estopped by her statement in the preliminary proofs from denying the existence of other insurance. (*Irving* v. *Excel. Ins. Co.,* 1 Bosw., 507; *McMasters* v. *Ins. Co. of N. Am.,* 55 N. Y., 222.)

*Joseph Smith,* for the respondent. A valid agreement for insurance may be made by parol. (*Fish* v. *Cottrel,* 44 N. Y., 543; *Trustees, etc.,* v. *Brooklyn F. Ins. Co.,* 19 id., 305; *Audipon* v. *Excel. Ins. Co.,* 27 id., 216; *Ellis* v. *Albany City F. Ins. Co.,* 50 id., 405; *Buchanan* v. *Exch. F. Ins. Co.,* 61 id., 33.) It was competent for defendant's secretary, after receiving notice, to waive indorsing a change upon a policy.

(*Parker* v. *Arctic F. Ins. Co.*, 1 N. Y. S. C., 399; *N. Y. C. Ins. Co.* v. *N. Y. Nat. Pro. Ins. Co.*, 14 N. Y., 92; *Ames* v. *N. Y. Un. Ins. Co.*, id., 253; *Wilson* v. *Genesee Mut. Ins. Co.*, id., 418; 4 Bosw., 184; 6 Lans., 166.) A condition in a policy that no insurance shall be binding unless the premium is paid, may be waived by parol. (*Bowmen* v. *Ag. Ins. Co.*, 2 N. Y. S. C., 264; *Bodine* v. *Exch. F. Ins. Co.*, 51 N. Y., 117; 25 Barb., 187; 19 N. Y., 305; *Shelton* v. *At. F. and M. Ins. Co.*, 26 N. Y., 460; *Wood* v. *Poughkeepsie Mut. Ins. Co.*, 32 id., 619.) After an insurance company has waived a condition it cannot insist on a forfeiture. (*Underwood* v. *F. J. S. Ins. Co.*, 57 N. Y., 500; *Pratt* v. *N. Y. C. Ins. Co.*, 55 id., 505.)

*Per Curiam.* The position was not taken on the motion for a nonsuit at the close of the plaintiff's case, that the assured had not an insurable interest in the premises insured, or that the title was not in her. The plaintiff sued as the personal representative of the assignee of the assured, and the non-suit was asked upon the sole ground that there was no proof of the plaintiff's right or title to recover for the loss or damage covered by the policy. No defect in her title to the benefit of the policy was then pointed out, or is now insisted upon, and the reasons assigned for the motion did not cover a defect in the title of the assured, or any breach of a condition of the policy by reason of any such defect, if any existed. If the specific objection now urged had been taken, it might have been obviated, and is not therefore available here.

The questions propounded to the secretary of the defendant, when under examination as a witness, whether he had at any time waived any such condition in a policy as that set up as a defence to this action, and whether he had authority to waive such condition, are claimed to have been proper, and that an answer to them should have been permitted upon the ground that in the conflict of evidence as to the alleged waiver of the condition in this policy between Lewis B.

Adams and the witness under examination, an answer in the negative would have forfeited the latter, and tended to show that he was not mistaken in testifying that he had not waived the condition in this particular instance. In other words, the evidence sought to be given is claimed to have been competent as corroborative of the evidence of the same witness, and as giving some support to the truth of his statements and the accuracy of his memory. It is not denied that the evidence would have been collateral to the issue and not admissible as directly supporting the issue on the part of the defendant. The plaintiff would not have been permitted, in making a case and proving a waiver of the condition, to prove that the secretary habitually exercised the power, and waived this and like conditions in other policies. She was held to prove a waiver in this particular case, and a waiver in any number of other cases would not have tended to prove a waiver here, and a waiver once proved by the plaintiff could only be met by direct negative testimony, and not by proof of a refusal to dispense with the condition in other cases. No case was made authorizing evidence otherwise inadmissible merely as corroborative of the evidence of the witness. When a witness has been impeached, it is competent to give corroborative evidence, as that his character for truth, etc., is good, or that he has made the same statements on other occasions; but to permit this to be done, there must be an impeachment of the witness, either directly or indirectly, and there was no such impeachment here. The questions were properly rejected. Here it was merely sought to corroborate an unimpeached witness, by proof by himself of his general course of dealing, and the extent and limit of his powers. This was not permissible.

The witness Chapman was competent to answer the question whether he would believe the witness Adams on his oath. He had given evidence importing an acquaintance with the associates of the witness, and a knowledge of his character, and testified that he had heard his character questioned. The case is precisely within *People* v. *Davis* (21·

Wend., 309), where the same question was held competent under very similar circumstances.

The other questions urged in behalf of the appellant are considered in the opinion of Judge Learned in the court below, with whom we concur.

The judgment must be affirmed.

All concur, except Rapallo, J., absent.

Judgment affirmed.