GEORGE M. BROOKS, RESPONDENT, *v.* HARRIS S. HIGBY AND MERRICK CHAPMAN, APPELLANTS.

*Draft — place of payment — certificate of notary — Right to supply evidence upon appeal.*

In an action upon a draft upon one N. F. Mills, "care of Morgan, Stoddard & Co., No. 114 South Main street, St. Louis, Mo.," the indorsers defended upon the ground that it had not been presented for payment and protested. Upon the trial the plaintiff produced a certificate of a notary, stating that he presented the draft " at the place of business of N. F. Mills, St. Louis, to the person in charge thereof." It appeared that Mills had two places of business at St. Louis, one of which was at No. 114 South Main street. *Held,* that the certificate failed to show that the draft was presented at the place where it was made payable.

Upon the hearing of the appeal plaintiff sought to introduce another certificate showing that the draft was presented at No. 114 South Main street. *Held,* that it could not be received; that evidence of a fact imperfectly proved at the trial is in general received upon appeal only in cases of records or documentary evidence which prove themselves, and as to which no question can arise except such as is apparent on their face.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict ordered by the court, and also from an order denying a motion for a new trial on the minutes.

The action is on a bill of exchange drawn by George R. Mills on N. F. Mills, care Morgan, Stoddard & Co., No. 114 South Main street, St. Louis, Mo., payable to the order of the defendant Chapman, and indorsed by him and the defendant Higby, and accepted by the drawee. The defendants Higby and Chapman answered, and denied that the draft was duly presented for payment or protested, and alleged that the draft was usurious. At the trial, the plaintiff read in evidence, under objection and exception, the certificate of a notary, stating, among other things, that he presented the draft " at the place of business of N. F. Mills, St. Louis, to the person in charge thereof, etc." It appeared by evidence introduced by the plaintiff that N. F. Mills had two places of business at St. Louis, one of which was at No. 114 South Main street and the other was elsewhere. The defendants moved for a nonsuit, on the ground that there was no evidence that the draft was presented at the place where it was payable. The motion was denied and the defendants excepted. The defendants called George R. Mills, the drawer of the draft, as a witness, who testified that the draft was discounted under an agreement with the plaintiff to pay him one-half of one per cent for exchange and two and a-half per cent (or at the rate of fifteen per cent per annum) for interest and discount. This evidence was controverted on the part of the plaintiff. At the close of the testimony the defendants' counsel asked that the case be submitted to the jury, which was refused, and the defendants excepted. The court ordered a verdict for the plaintiff for the amount of the draft, to which, also, the defendants excepted.

*C. E. Stephens*, for the appellants.

*H. E. Turner*, for the respondent.

SMITH, J.:

As the draft was addressed to the drawee at a particular place in the city where he resided, and was thus accepted by him, the particular place thus designated was the place of payment, and

a due presentment and demand of payment at that place was necessary in order to charge the indorsers. (Story on Prom. notes, § 227 and note 3, and cases there cited.) The certificate of the notary stated merely that the draft was presented and payment demanded " at the place of business" of the acceptor, without specifying the place. As it appeared that the acceptor had two places of business in St. Louis, the certificate furnished no evidence whatever that the presentment and demand were at the place where the draft was payable. The proof was fatally defective, and the motion for a nonsuit should have been granted.

The respondent's counsel proposed to supply the defect on the argument *at banc* by the production of a fresh certificate of the notary showing that the draft was presented at No. 114 South Main street. The rule allowing evidence of a fact imperfectly proved at the trial to be exhibited at bar, in opposition to a motion for a new trial, is, in general, confined to *records* or documentary evidence which proves itself, and on which no question can arise in the cause, except such as is apparent on its face. (*Bank of Charleston* v. *Emerich*, 2 Sandf., 718; *Dresser* v. *Brooks*, 3 Barb., 429; *Burt* v *Place*, 4 Wend., 591; *Armstrong* v. *Percy*, 5 id., 535; *Ritchie* v. *Putnam*, 13 id., 524; *Hugh* v. *Wilson*, 2 Johns., 46.) Under the statute of 1833, a notarial certificate is but presumptive evidence, and may be explained or contradicted by the party against whom it is produced. The new certificate offered in this case cannot be received at bar to conclude the defendants; if it is to be used against them they are entitled to an opportunity to meet it at the trial.

We are also of opinion that the evidence required the submission of the question of usury to the jury.

Judgment and order should be reversed and new trial ordered, costs to abide event.

Present— MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment and order reversed and new trial ordered, costs to abide event.