(10 Misc. Rep. 388.)

### CARLSON v. WINTERSON.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. WITNESS—IMPEACHMENT—GENERAL REPUTATION.
   Before a witness can testify to the general reputation of another witness it must be shown that he is familiar therewith.
2. SAME—ACCUSATION OF CRIME.
   Evidence that a witness committed a specific act of forgery is not admissible to discredit him.
3. SAME—EVIDENCE OF GENERAL REPUTATION.
   A witness cannot be discredited by the testimony of a person that he would not believe him under oath, where such person has not shown that he was familiar with the witness' general reputation. Pryor, J., dissenting.
4. TRIAL—EXCLUSION OF EVIDENCE.
   Where a question once excluded is repeated, the second objection need not state the ground thereof. Pryor, J., dissenting.
5. EXAMINATION OF JURORS—PREJUDICE AS TO A CRIMINAL'S TESTIMONY.
   It is improper to ask jurors whether the fact that a witness had served a term in the penitentiary would so prejudice them that they would not believe him, as an answer to the question could not be made a ground of challenge either for cause or favor. Per Pryor, J.

Appeal from city court, general term.

Action by Louisa Carlson against Maria Louisa Winterson on a promissory note. The defenses were a denial of the execution and delivery of the note, and that the promise of defendant to pay was contingent on the promisee's successful prosecution of certain services which he had engaged and failed to perform. From a judgment of the city court (29 N. Y. Supp. 1142) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

E. F. Bullard, for appellant.
Hector M. Hitchings, for respondent.

BISCHOFF, J. Upon the trial the plaintiff produced a paper, dated August 28, 1891, which in form purported to be the defendant's

note, whereby, for value received, she promised to pay, to the order of one Tengzelins, $500, 30 days after date. Tengzelins, called as a witness for the plaintiff, testified that he received the note from the defendant in payment for services to be rendered by him in the investigation of the financial ability of one Collingwood, against whom she at the time asserted a claim; and that he transferred the note to the plaintiff in payment of a precedent debt. Defendant admitted Tengzelins' employment for the purposes mentioned, but denied that she executed or delivered the note produced, and contended that her promise to pay Tengzelins for his services was contingent upon the collection of her claim against Collingwood. The only substantial contest between the litigants was with regard to the genuineness of the note. Upon evidence, to the sufficiency of which neither party at any time objected, the jury returned a verdict for the plaintiff. Hence, for the purposes of this appeal, we may consider only rulings made during the trial, and to which due exception was taken. Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952; Smith v. Pryor (Com. Pl. N. Y.) 9 N. Y. Supp. 636; Gundlin v. Packet Co., 8 Misc. Rep. 291, 28 N. Y. Supp. 572.

The issue was substantially one of veracity between the plaintiff's witness, Tengzelins, and the defendant. Evidence of Tengelins' reputation as a person of bad character generally was, therefore, admissible to impeach his credibility as a witness in this action (1 Greenl. Ev. § 461; 1 Rice, Ev. p. 630; Wright v. Paige, 42 N. Y. 581, 586, etc.; People v. Mather, 4 Wend. 229, 257; Wehrkamp v. Willett, 4 Abb. Dec. 548, 556), the credibility of a witness always being in issue (Pharo v. Beadleston, 2 Misc. Rep. 424, 21 N. Y. Supp. 989). To an inquiry of Forwood, called by the defendant for the purpose of discrediting Tengzelins, concerning the latter's general reputation, the plaintiff's counsel objected, on the ground that the evidence called for was irrelevant, incompetent, and immaterial, unless confined to reputation for veracity, and "that no foundation has been laid." The last objection specifically raised the question of the witness' competency in the absence of evidence that he had knowledge concerning the subject-matter of the inquiry. It was thereupon incumbent upon the defendant, before proceeding with the inquiry, to establish the witness' competency (1 Greenl. Ev. § 461; 1 Rice, Ev. p. 630; Wright v. Paige, 42 N. Y. 581, 586, etc.); but, though admonished by the learned trial justice in that respect, the defendant's counsel omitted even the effort to do so. The evidence was thus properly excluded. To two subsequent inquiries of the same witness,—one as to the "general reputation" of Tengzelins, the other as to his "general reputation as to moral character,"—both of which were excluded, the plaintiff's counsel did not renew his objection that the witness was incompetent; but, having once made the proper objection, he was not called upon to repeat it every time his adversary chose to renew his futile efforts to elicit the testimony excluded, from the same witness.

A further inquiry of the same witness, and tending to show that Tengzelins had forged his name to a note, was also properly excluded, under objection by the plaintiff's counsel that the evidence was in-

competent, irrelevant, and immaterial. Evidence of specific acts of moral obliquity are inadmissible for the purposes of discrediting a witness. Corning v. Corning, 6 N. Y. 97, 104; Wehrkamp v. Willett, supra; 1 Rice, Ev. p. 629. Without evidence of Tengzelins' reputation, and of the competency of the witness called to discredit him, the exclusion of the inquiry as to whether or not he (the witness) would believe Tengzelins under oath was obviously proper.

Upon Tengzelins' cross-examination by the defendant's counsel he admitted that he had suffered a term of imprisonment in the penitentiary. The record of his conviction, however, was not produced, and, against objection, Tengzelins was permitted, upon redirect examination, to testify that his imprisonment was upon his conviction of a forgery involving $2.80. The admission of this last-mentioned testimony is claimed to have been error. Without discussing the proposition, the alleged error is so palpably harmless that a reversal of the judgment should not result. The judgment of the general and trial terms of the court below should be affirmed, with costs.

DALY, C. J., concurs.

PRYOR, J. I cannot concur in the affirmance of this judgment. Against objection and exception, plaintiff's counsel was permitted to ask the jurors whether the fact that plaintiff's principal witness had served a term in the penitentiary for forgery would so prejudice them that they would not believe him if his testimony in other respects appeared trustworthy, or was corroborated. To me, at all events, the inquiry is without precedent. Interrogation of jurors before impaneled is with a view to a challenge, but a challenge may be made only for matter tending to their disqualification, or to the revelation of their relations to the cause or the parties. I had not supposed that a juror's mental attitude towards a witness or species of evidence was ground of challenge either for cause or for favor.

In impeachment of plaintiff's principal witness, defendant produced a witness, and inquired of him, "What is his [plaintiff's witness'] general reputation?" The evidence was objected to as "irrelevant, incompetent, and immaterial," and because "no foundation had been laid." That proof of the general character of a witness, without restriction to reputation for truth and veracity, is competent, is abundantly sustained by authority. People v. Mather, 4 Wend. 230, 257; 2 Cowen & Hill's Phil. Ev. 598, note.

Further on the defendant asked his witness, "What is his [plaintiff's witness'] general reputation as to moral character?" to which the objection is simply that the evidence was "immaterial, irrelevant, and incompetent," omitting the ground previously stated, "that no foundation had been laid." The prevailing opinion goes upon the rule that a party is not obliged to repeat a rejected objection to the same sort of evidence (Church v. Howard, 79 N. Y. 415); but this is not to say that, if he renew the objection, he need not state the grounds. And if he states some, but not all, of his former grounds of objection, the inference is that he waives the unspecified and abandoned ones. "Expressio unius exclusio alterius." A general objection on account of incompetency or immateriality is considered as

applying only to the competency or materiality of the facts sought to be proved, and not to the competency of the witness to testify to the facts. Stevens v. Brennan, 79 N. Y. 254; Schwander v. Birge, 46 Hun, 66. Special objection is indispensable to present the point that the witness is incompetent to testify to the fact. Ward v. Kilpatrick, 85 N. Y. 413, 416; Amadon v. Ingersoll, 34 Hun, 132; New Jersey Steamboat Co. v. City of New York (N. Y. App.) 15 N. E. 877. The evidence having been excluded, the plaintiff must stand or fall upon the ground stated. Tooley v. Bacon, 70 N. Y. 34, 37. Waiving all this, however, defendant's witness was competent to speak to the character of plaintiff's witness. Defendant's witness knew plaintiff's witness, saying, "He was with us two or three years," —meaning in the same employment. In People v. Davis, 21 Wend. 309, the impeaching witness had known the other for a number of years, and knew his associates, but was "not acquainted with his general character for truth and veracity"; and yet he was allowed to testify that "he would believe the other on oath." The ruling was followed in Adams v. Insurance Co., 70 N. Y. 166. On the authority of these decisions, the evidence tendered was legal, and it was error to exclude it. In the cases cited the impeaching witness was not acquainted with the character of the other; here, non constat but the impeaching witness knew the character he was offered to discredit. The presumption is that, were the witness ignorant of the other's character, he would have so answered; or, had he answered that the character of the other was bad, the presumption would be that he testified to what he knew. The practice is habitual to ask a witness for a fact without first inquiring whether he knows the fact. It is the office of cross-examination to ascertain the means and opportunity of knowledge. My conclusion is that the judgment should be reversed.