BAXTER v. LANCASTER et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

PLEADINGS—COMPLAINT—UNDERTAKING ON APPEAL—JUDGMENT FOR COSTS.

In an action on a bond given on appeal to the court of appeals from an order in a special proceeding, the complaint, after alleging the prior proceedings, and affirmance of the order appealed from, alleged that the sum of $132.37 was duly awarded as costs and disbursements on said appeal on or about the 14th day of December, 1899, in favor of the plaintiff and against the appellant, and that no part of said sum had been paid. Held, that the allegation that the costs were duly awarded was sufficient to ad-

mit evidence of all the steps necessary to be taken after the order of affirmance to procure a judgment for the costs; hence a demurrer to the complaint should be overruled.

Appeal from special term, New York county.

Action by Mary A. Baxter against William K. Lancaster and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Barclay E. V. McCarty, for appellant.
Joseph A. Flannery, for respondents.

McLAUGHLIN, J. This is an appeal from a final judgment entered upon an interlocutory judgment sustaining a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. It appears from the allegations of the complaint that the action is brought upon an undertaking given by the defendants on appeal in a special proceeding to the court of appeals. The complaint alleges the pendency of the special proceeding, the order made by the special term, the affirmance by this court, the appeal to the court of appeals, the giving of the undertaking by the defendants, a copy of which is annexed to and made a part of the complaint, and the affirmance of the order made by this court by the court of appeals, and then alleges:

"Fourth. That by an order of the court of appeals duly made on or about the 5th day of December, 1899, the said order appealed from was affirmed, with costs, and the sum of one hundred and thirty-two $^{37}/_{100}$ ($132.37) dollars was on or about the 14th day of December, 1899, duly awarded as costs and disbursements on said appeal to the court of appeals, in favor of the above-named plaintiff against the appellant on said appeal, Bernard Schweizer, and that no part of said sum has been paid."

The question presented is whether the allegation of the complaint quoted is sufficient to admit proof upon the trial of the action that the necessary steps were taken after the affirmance of the order by the court of appeals to procure a judgment for costs upon that appeal. The order of the court of appeals affirming the order of this court, with costs, is not, in and of itself, sufficient to subject the defendants to a liability under the undertaking. There must be, in addition to this, an order of the supreme court making the judgment of the court of appeals the judgment of the supreme court, and adjudging that the respondent on appeal to the court of appeals is entitled to a definite amount of costs, fixed and determined in the judgment. Until this has been done there can be no award of costs, and until there has been an award of costs no liability has been incurred by the defendants under the undertaking signed by them; and, before the plaintiff can recover, these facts must be established upon the trial. But we are of the opinion that the allegations of this complaint are sufficient to admit proof of such facts. The plaintiff in her complaint alleges that the sum of $132.37 was "duly awarded as costs and disbursements to her." The word "duly" means according to law. Brownell v. Town of Greenwich, 114 N. Y. 518-527, 22 N. E. 24, 4 L. R. A. 685;

Rockwell v. Merwin, 45 N. Y. 166; Gibson v. People, 5 Hun, 543; People v. Walker, 23 Barb. 304. If this determination had been made in a court of special jurisdiction, the allegation would have been sufficient to have permitted the introduction of the necessary proof to have established the facts, under the provisions of section 532 of the Code of Civil Procedure. This section provides that, in pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction. This provision of the Code was evidently enacted for the express purpose of establishing as to courts of special jurisdiction the rule which has always existed as to courts of general jurisdiction, and, when it is alleged that in a court of general jurisdiction a judgment or determination was "duly made," that necessarily involves the conclusion that all of the legal steps were taken, requisite and necessary to that result.

For these reasons, we are of the opinion that the allegations of the complaint are sufficient to enable the plaintiff to prove that after affirmance of the order by the court of appeals the matter was remitted to and made the judgment of the supreme court, by an order duly entered, and that the costs were there taxed according to law; and therefore the judgment appealed from must be reversed, with costs,—with permission, however, to the defendants to withdraw their demurrer and interpose an answer on payment of costs in this court and in the court below. All concur.