### In re UNITED ENGINEERING & CONTRACTING CO.   (No. 591–93.)

(Supreme Court, Appellate Division, Fourth Department.   January 6, 1915.)

BANKRUPTCY (§ 249*)—ACTS OF TRUSTEE—LIABILITY.

> A trustee in bankruptcy, who continues the bankrupt's business, is personally liable for trespass by animals used in the business, and to hold him liable in his representative capacity it must be shown that he was authorized by order of the bankruptcy court, as authorized by Bankr. Act July 1, 1898, c. 541, § 2 (5), 30 Stat. 545 (U. S. Comp. St. 1913, § 9586), to continue the business.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. § 249.*]

Appeal from Trial Term, Niagara County.

Action by John M. McCauley against Percy Jackson, as trustee in bankruptcy of the United Engineering & Contracting Company. From a judgment for plaintiff, and from an order denying a motion for new trial on the minutes of the court, entered on the day of the entry of the judgment in the office of the clerk, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

David Tice, of Lockport, and Lexow, MacKellar & Wells, of New York City, for appellant.

S. Wallace Dempsey, of Lockport, and Stacy D. Behe, of Lockport, for respondent.

PER CURIAM. Defendant was duly appointed the trustee in bankruptcy of the United Engineering & Contracting Company, a corporation. At the time it was declared a bankrupt it had a construction plant in the county of Niagara, and was then and prior thereto had been engaged in construction work on the Erie Canal under a contract it had with the state. As a part of its plant used in the construction work, to the title to which defendant succeeded on his appointment as trustee, were certain horses and mules. After defendant's appointment he during a period of some 14 months continued the business of the corporation in completing the contract, using its plant, including the animals above referred to, for that purpose. At various times during the period in which these animals were so used they were by defendant's employés, or agents, voluntarily or negligently permitted to escape upon plaintiff's premises and graze thereon. For these trespasses plaintiff has recovered his verdict in this action.

It does not appear that the defendant was authorized by any order of the bankruptcy court, as provided by section 2, subd. 5, of the Bankruptcy Act, to continue the business of the bankrupt. In the absence of proof of that fact, we think the defendant's liability, if any, for the damages so caused, was personal, and not in his representative capacity as trustee. Decillis v. Mascelli, as executrix, etc., 152 App. Div. 304, 136 N. Y. Supp. 573.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.